### STATE v. JOE PASOUR.

(Filed 3 May, 1922.)

**1. Evidence—Nonsuit—Trials—Appeal and Error—Criminal Law—Statutes.**

Defendant's exceptions after he has introduced evidence, to the refusal to nonsuit the State in a criminal action, requires a consideration of the entire evidence on appeal.

**2. Homicide—Murder—Deadly Weapon—Admissions—Implied Malice—Evidence—Nonsuit.**

Where the defendant on trial for homicide admits he fired the fatal shot, malice is implied, and nothing else appearing, the killing constitutes murder in the second degree, placing the burden on defendant to show to the satisfaction of the jury facts and circumstances sufficient to excuse the homicide or to reduce it to manslaughter, and defendant's motion as of nonsuit is properly disallowed.

**3. Homicide—Murder—Evidence.**

Where the brother of the accused on trial for a homicide has testified as to certain "scratches" on the body of the deceased, evidence of the State tending to contradict and impeach him is competent.

**4. Same—Appeal and Error—Unanswered Questions.**

Upon this trial for homicide the indication by the witness of the one of several brothers who had admitted killing their father was competent, and, upon the record, evidence as to any peculiarity of the deceased a short time before being killed was irrelevant and remote, and also not considered on appeal when it is not shown what the proposed answer of the witness would have been to the question asked him.

APPEAL by defendant from *Ray, J.,* at the November Special Term, 1921, of GASTON.

The indictment charged the defendant with the murder of Eli Pasour, his father. The State prosecuted only for murder in the second degree or manslaughter. The jury returned a verdict for murder in the second degree, and from the judgment pronounced the defendant appealed.

The defendant admitted that he shot and killed the deceased with a pistol, and introduced evidence tending to show self-defense. Other circumstances relevant to the exceptions are stated in the opinion.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*No counsel for defendant.*

ADAMS, J. Both before and after he had introduced evidence, the defendant moved to dismiss the prosecution as in case of nonsuit, and duly excepted to the court's denial of his motion. The exceptions, therefore, require a consideration of the entire evidence. C. S., 4643; *S. v. Killian,* 173 N. C., 792. The defendant admitted that he fired the fatal shot, but testified that he acted in self-defense. The intentional killing of a human being with a deadly weapon implies malice, and, nothing else appearing, constitutes murder in the second degree. When this implication is raised by an admission or proof of the fact of killing the burden is on the defendant to show to the satisfaction of the jury facts and circumstances sufficient to excuse the homicide or to reduce it to manslaughter. *S. v. Capps,* 134 N. C., 627; *S. v. Barrett,* 132 N. C., 1005; *S. v. Quick,* 150 N. C., 820; *S. v. Yates,* 155 N. C., 450; *S. v. Orr,* 175 N. C., 773; *S. v. Brinkley, ante,* 720. For these reasons the defendant's own testimony necessarily forestalled his motion to dismiss the action.

A witness for the State was permitted to testify, over the defendant's objection, concerning statements made by the defendant's brother, Morris Pasour, relative to certain marks or "scratches" on the body of the deceased. The defendant's exception, which was duly entered, is without merit. The evidence was competent in contradiction and impeachment of Morris's preceding testimony. The other exceptions require no discussion. Dr. Wilkins properly indicated the brother that admitted the killing, and evidence as to any peculiarity of the deceased a short time before his death, so far as the record discloses, was irrelevant and remote. Besides, the proposed answer of the witness is not shown.

Upon examination of the exceptions and the record, we find

No error.