A. B. JONES v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 21 September, 1927.)

1. **Master and Servant—Employer and Employee—Safe Place to Work—Negligence.**

    An employer is required to use ordinary care under the conditions existing to furnish his employee a reasonably safe place to do the work required of him in the course of his employment, and proper tools and appliances with which to do it.

2. **Same—Railroads—Evidence—Nonsuit—Questions for Jury—Statutes.**

    Where there is evidence that it is the custom of a railroad company to furnish ladders to painters employed to paint its station house, and that one of them so employed had not been furnished with a proper ladder with hooks or with a certain ladder called a "chicken-ladder," but with an ordinary ladder that extended beyond the steep roof of the building upon which he was at work bending down and painting below the eaves of the roof, and that the ladder so furnished fell over and struck the plaintiff, causing him to fall about twelve feet to the ground below, causing the injury in suit, and that the injury would not have occurred if a proper ladder or appliance under the circumstances had been furnished: *Held*, sufficient to take the case to the jury upon the issue of the defendant's actionable negligence. C. S., 3466.

3. **Same—Contributory Negligence—Damages.**

    *Held*, that where the failure of a railroad company to furnish an employee engaged in the scope of his employment in painting a station house, a proper ladder or appliance which caused the injury in suit, comes within the provisions of C. S., 3467, and the contributory negligence of the plaintiff is not a complete bar to his recovery, but only to be considered *pro tanto* by the jury in diminution of the damages recoverable for a personal injury thus received by him.

4. **Evidence—Act of God—Accident—Negligence — Nonsuit — Questions for Jury—Statutes.**

    Where in a personal injury negligence case there is evidence for defendant that the injury in suit was caused either by the act of God, etc., or by an accident, and, *per contra*, that it was proximately caused by the defendant's negligence in the exercise of ordinary care to furnish the plaintiff, his employee, a reasonably safe place to work or reasonably safe appliances under the circumstances, defendant's motion as of nonsuit will be denied. C. S., 567.

5. **Instructions—Inadvertence—Corrections—Appeal and Error — Harmless Error.**

    Where the trial judge correctly instructs the jury upon the evidence in the case, it will not be held reversible error for an erroneous inadvertence of the judge which he afterwards corrects in his charge.

APPEAL by defendant from *Nunn, J.,* at June Term, 1927, of EDGECOMBE. No error.

Action to recover damages resulting from personal injuries sustained by plaintiff while performing his duties as an employee of defendant.

Plaintiff, while painting the roof of a section house owned by defendant, was struck and knocked off the roof by a ladder, upon which he had gone up on said roof. This ladder was furnished by defendant to plaintiff to be used by him in going up on and coming down from the roof. The ladder, while resting on the eaves of the house, extending about five feet above the same, slipped, struck plaintiff, who at the time was painting near the eaves, and knocked him from the roof to the ground, a distance of twelve feet. Plaintiff thereby sustained serious and permanent injuries.

The issues were answered by the jury as follows:

1. Was the plaintiff injured by the negligence of defendant as alleged? Answer: Yes.

2. Did the plaintiff, by his own negligence, contribute to his injuries as alleged? Answer: Yes.

3. What damages, if any, is plaintiff entitled to recover of defendant? Answer: $900.

From judgment on this verdict defendant appealed to the Supreme Court, assigning as error, chiefly, the refusal of the court to allow its motions for judgment as of nonsuit. C. S., 567.

*B. E. Fountain, R. T. Fountain and George M. Fountain for plaintiff. Spruill & Spruill and Gilliam & Bond for defendant.*

CONNOR, J. On 26 February, 1925, plaintiff was at work painting the roof of a section house owned by defendant at Hobgood, N. C. Defendant is a common carrier by railroad. While engaged in the performance of his duties as an employee of defendant, plaintiff was struck by a ladder, which had been resting upon the eaves of the roof, extending about five feet above the same. Plaintiff was at work near the eaves, within reach of the ladder. The ladder suddenly slipped, struck plaintiff and knocked him off the roof. This ladder had been furnished by defendant to plaintiff to enable him to go up and to come down from the roof. There were no hooks or other means by which the ladder could be fastened to the house, or made secure. The roof was covered with tin and had a slant of at least four inches to the foot. No appliance or other equipment was furnished by defendant to enable plaintiff to hold on or steady himself while working on the roof. Plaintiff suffered serious and permanent injuries caused by his fall from the roof to the ground, a distance of twelve feet.

Plaintiff alleges that he was injured by reason of a defect or insufficiency, due to defendant's negligence, in the appliances and equipment

JONES *v.* R. R.

furnished by the defendant to the plaintiff to enable him to do his work, in that there were no hooks upon the ladder by which it could be fastened to the weather-boarding of the house, and thus made secure. He further alleges that defendant negligently failed to furnish him appliances and equipment by which he could hold on and steady himself while at work on the roof. He alleges that his injuries were caused by the negligence of defendant with respect to the place at which, and the appliances and equipment with which he was required to work. He therefore contends that defendant, his employer, a common carrier by railroad, is liable to him for damages, resulting from his injuries, caused by the fall from the roof. C. S., 3466.

The fact that plaintiff was guilty of contributory negligence, as alleged by defendant in its answer, and as found by the jury, does not bar his recovery; its only effect is to diminish the amount of his damages caused by the negligence of defendant, in proportion to the amount of negligence attributable to him. C. S., 3467. The only question, therefore, presented by defendant's assignment of error based upon its exception to the refusal of its motion for judgment as of nonsuit (C. S., 567) is whether there is evidence from which the jury can find that plaintiff was injured by the negligence of defendant as alleged in the complaint.

There was evidence tending to show that the roof which plaintiff was directed by his foreman to paint, was about twelve feet from the ground at the eaves; that plaintiff was furnished by defendant with a ladder to be used by him in going up on and coming down from the roof; that this ladder was about twenty feet long, and was so placed that it rested on the ground and extended about five feet above the eaves of the roof where plaintiff was at work; that there were no hooks or other means by which this ladder could be fastened to the weather-boarding of the house and thus made secure. While plaintiff was at work on the roof, near the eaves, leaning over and painting, the ladder suddenly slipped, struck the plaintiff and knocked him off the roof to the ground. Plaintiff testified that if the ladder had been fastened to the weather-boarding of the house by hooks, as it rested on the eaves of the roof, it would not have slipped and knocked him off the roof.

There was evidence tending to show further that the roof which plaintiff was painting at the time he was struck by the ladder was covered with tin; that it was a steep roof, with a slant from the eaves to the comb, in excess of four inches to the foot; that no appliance or equipment, such as a "chicken ladder" was furnished by defendant to enable plaintiff, while at work, to hold on and steady himself. Plaintiff testified that if he had had a roof or "chicken ladder," such as is usually

furnished to and used by painters, when painting upon a steep roof, he would not have been knocked off the roof when the ladder, resting upon the eaves, slipped and struck him.

There was evidence also tending to show that it is customary for employers to furnish painters who are required to go upon and paint roofs, a ladder equipped with hooks by which the ladder, while resting on the eaves of the roof, may be fastened to the weather-boarding of the house and thus made secure; that when the roof is steep, it is customary for the employer to furnish a roof or "chicken ladder" upon which the painter stands while at work and to which he can hold, and thus steady himself, and that if defendant had furnished plaintiff, while he was at work on the roof of the section house at Hobgood, N. C., on 25 February, 1925, ladders such as are customarily and usually furnished to painters when painting a steep roof, plaintiff would not have been knocked off the roof and injured, as the evidence tended to show he was.

Defendant contends that the evidence shows that the ladder was upset by a strong wind which arose suddenly and blew the ladder against the plaintiff; that plaintiff's injury was caused by an accident which it could not have foreseen, or by an act of God for which it was not liable. However, there is evidence from which the jury may find that, notwithstanding the wind, the ladder would not have been upset, if it had been fastened to the weather-boarding by hooks, or other means, and that even if it had been upset by the wind, it would not have knocked plaintiff off the roof, if he had had an appliance or equipment, such as a "chicken ladder," as described by the witnesses, upon which to hold while he was at work on the roof.

There is concededly a conflict in the evidence as to whether or not it is customary for painters to use ladders with hooks attached, by which they can be fastened to the weather-boarding of the house, to go up on and come down from a roof such as plaintiff was painting at the time he was injured, and also as to whether or not the roof upon which he was at work was sufficiently steep to require the use of a "chicken ladder"; however, there was sufficient evidence to sustain the allegations and contentions of plaintiff. There was no error in submitting all the evidence to the jury, under proper instructions as to the law applicable to the facts as the jury might find them to be from the evidence. There was no exception to the charge of the court upon either the first or second issue.

It has been repeatedly declared to be the law that while a master does not insure the safety of his servant, nor the employer the safety of his employee, he owes his servant or employee the duty, which he neglects

at his peril, to furnish proper tools and appliances to his servant or employee with which to do his work. *Reid v. Rees,* 155 N. C., 230. This principle of the law of negligence, as applicable to the relation of master and servant, of employer and employee, is so elementary and so familiar that no citation of authorities can be necessary. Where the master or employer is, as in this case, a common carrier by railroad, his liability is fixed by statute, and defenses ordinarily available do not bar a recovery.

The error which the court inadvertently made in the charge upon the third issue was subsequently corrected. The assignment of error based upon the exception to this charge cannot be sustained. The jury were correctly and clearly instructed as to the effect of an affirmative answer to the second issue upon the damages which plaintiff was entitled to recover, upon an affirmative answer to the first issue.

No error.