## STATE v. CLARENCE ROGERS.

(Filed 3 January, 1940.)

**1. Criminal Law § 33—**

A voluntary confession is presumed to flow from the strongest sense of guilt, and is deserving of the highest credit, but an involuntary confession is inadmissible and merits no consideration.

**2. Same—**

The competency of a confession is a preliminary question for the trial court, and its ruling thereon will not be disturbed when supported by any competent evidence, and an objection to the admission of a confession in evidence cannot be sustained when there is nothing on the face of the record to show that it is incompetent and no reason is assigned for the objection.

**3. Criminal Law § 81c—**

Defendant admitted an intentional killing with a deadly weapon. The court used an inadvertent expression in connection with the *quantum* of proof required of a defendant to rebut the presumption of murder in the second degree, but later corrected the inadvertence. *Held:* No harm resulted to defendant in this respect, and the inadvertence cannot be held for reversible error.

APPEAL by defendant from *Nimocks, J.,* at February Term, 1939, of DURHAM.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Howard Moore.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Sigmund Meyer and C. W. Hall for defendant.*

STACY, C. J. The record discloses that at an early hour in the morning of 19 November, 1938, the defendant induced Howard Moore, a boy about seventeen years of age and employed as a news carrier, to go with him into a wooded area in the city of Durham for the purpose of fellation. This accomplished, the defendant then slew his victim by striking him over the head with a stick and cutting his throat with a razor, according to his later confession made to the officers while in jail. In this confession, the reason assigned for the killing was, that the defendant "was afraid he would tell it on him."

On the trial, the defendant testified that he slew the deceased in self-defense, and because of his perverted mind or mental irresponsibility. The defendant's pleas of self-defense and insanity were rejected by the jury. *S. v. Jones,* 203 N. C., 374, 166 S. E., 163.

It is contended that the confession made by the defendant to the officers while in jail was incompetent as evidence against him and should have been excluded. No reason is assigned for this position, and its tenableness has not been made to appear on the record. *S. v. Stefanoff,* 206 N. C., 443, 174 S. E., 411; *S. v. Jones, supra.*

A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. An involuntary confession, on the other hand, is inadmissible in evidence and merits no consideration. *S. v. Gibson, ante,* 535.

The voluntariness of a confession, and therefore its competency, is a preliminary question for the trial court, *S. v. Andrew,* 61 N. C., 205, to be determined in the manner pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603, and the court's ruling thereon will not be disturbed, if supported by any competent evidence. *S. v. Alston,* 215 N. C., 713, 3 S. E. (2d), 11.

In the beginning of the charge the court used an inadvertent expression in connection with the *quanlum* of proof required of a defendant, who admits an intentional killing with a deadly weapon, to rebut the presumption of murder in the second degree. *S. v. Gregory,* 203 N. C., 528, 166 S. E., 387. However, this was later corrected, and we perceive no harm as having come to the defendant in this respect. *Jones v. R. R.,* 194 N. C., 227, 139 S. E., 242; *S. v. Baldwin,* 178 N. C., 693, 100 S. E., 345.

A careful perusal of the record leaves us with the impression that the case has been tried without material error. The jury returned a verdict of murder in the first degree, and the judgment of death as the law commands has been entered thereon. Upon the record as presented, the verdict and judgment will be upheld.

No error.