### STATE v. GEORGE HAMMOND AND HENDERSON WILSON.

(Filed 19 May, 1948.)

**1. Criminal Law § 33—**

    The competency of a confession is a preliminary question for the trial court, and while its rulings in regard to the competency of evidence upon the question and as to what facts render a confession competent, are questions of law and are reviewable, its findings of fact are conclusive on appeal when supported by evidence.

**2. Same—**

    The trial court's findings upon conflicting evidence that the confessions admitted in evidence were voluntary and made without threats, promises, or inducements are conclusive, and defendants' exceptions to the admission of the confessions in evidence cannot be sustained.

APPEAL by defendants from *Armstrong, J.,* at January Term, 1948, of DAVIDSON.

Criminal prosecution tried upon indictment charging the defendants with the felonious and premeditated murder of one Robert B. Hayes.

The evidence for the State discloses that Robert B. Hayes was the owner and operator of a store and filling station, near the village of Southmont, about eight miles from the City of Lexington, in Davidson County, N. C.; and that he was killed on the night of 31 October, 1947.

STATE *v.* HAMMOND.

About 8 :00 o'clock on the night of 31 October, 1947, a maroon four-door Ford automobile was parked in the road leading to the Hayes filling station. The car was examined by two of the State's witnesses. It was unoccupied; they took a telegram which was lying on the back seat of the car, and examined the license number. Thereafter the car was driven rapidly by the service station of the deceased, Robert B. Hayes. Around 10 :40 o'clock that same evening, the defendant Wilson purchased a gallon of gasoline at the Hayes filling station. The gas was delivered to him in a five-quart can, by Theodore Holmes, an employee of the deceased. The defendant Wilson left and was last seen with the gas sixty or seventy feet south of the filling station. Later that night the body of the deceased was found in his store. His skull had been crushed and the nature of the wound was sufficient to cause almost instant death. The cash register had been robbed, a box containing cash and checks had been taken, and a pistol which belonged to Cliff Mock was missing. The can of gasoline which had been delivered to the defendant Wilson was found about six or eight feet south of the store of the deceased.

The defendants were seen together at Walser's Cafe in Lexington about 11 :40 o'clock that night. The 1947 maroon four-door Ford automobile was parked near the cafe. The automobile was found next morning in Candor, N. C., where the defendants had hired a taxicab, about 2 :30 a.m., to take them to Wendblow, where the defendant Wilson's mother lived. On 1 November, 1947, the defendants were seen together in Rockingham and in Laurinburg.

It is further disclosed by the evidence that the Ford automobile referred to herein belonged to the Gordon Motor Company, of Lexington, N. C., and had been stolen around 6 :00 o'clock on the afternoon of 31 October, 1947. There was a telegram from a Mr. Chambers, in Dallas, Texas, in the car at the time. This telegram was identified as being the one found in the car while it was parked near the Hayes filling station. Cliff Mock's pistol was given to a party in Winston-Salem during the first or second week in November, 1947, by the defendant George Hammond, and was identified at the trial as being the pistol taken from the Hayes filling station on the night of 31 October, 1947. One of the checks missing from the Hayes cash register on 31 October, 1947, was found in the possession of the defendant Wilson, who told the officers he found it on the street in Thomasville, N. C.

The defendant, George Hammond, was arrested in Winston-Salem, N. C., on 15 November, 1947, and the defendant, Henderson Wilson, was arrested later in New York City.

The defendants confessed to the crime and told in detail about their plan to rob the deceased, about stealing the Ford car in Lexington, parking it in the driveway of the filling station, buying the gallon of gasoline,

taking the jack from the car, how Wilson used it in killing the deceased and to break open the cash box. The jack was missing from the car when it was recovered in Candor, but was found about two blocks from the Hayes filling station, near where the defendants said in their confessions they had parked the car while they went to rob the filling station. The empty cash box was also found near there. They said they planned to rob Mr. Hayes when Wilson bought the gasoline, at which time Hammond was in the rear of the filling station with the automobile jack, but they did not find him alone. The fingerprints of the defendant Hammond were found on the Ford car.

When the case came on for trial, the defendants denied that their confessions had been voluntary. Whereupon, in the absence of the jury, the court heard the evidence bearing on the voluntariness of the confessions, and held that they had been freely and voluntarily made. To this ruling, the defendants excepted.

The defendants offered no evidence in their behalf before the jury.

Verdict as to each defendant: Guilty of murder in the first degree, as charged in the bill of indictment. Judgment: Death by asphyxiation. The defendants appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Beamer Barnes and Joe H. Leonard for defendants.*

DENNY, J. The defendants assign as error the ruling of the court below admitting in evidence, over objection, the testimony of the officers as to confessions made to them by the defendants.

On the *voir dire* the defendants testified they were not put in fear, but that on some occasions when the officers talked to them they were not warned of their rights, while at other times they were told by the officers, "You just as well come on and tell us and we will help you out," or "There's nothing much to it if you tell the truth because we can help you out a whole lot." The defendants did not repudiate their confessions, but relied solely upon their inadmissibility in evidence because of the promises of help they testified the officers made to them as an inducement to make the confessions. On the other hand, each officer who talked with the defendants, or either of them, testified that each defendant was informed of the charge against him and advised each time the officers talked with him, that he did not have to make any statement relative to the murder of Robert Hayes; and was further warned that any statement he might make could be used against him in court. According to the testimony of the officers, no threats were made against the defendants, or either of them, and no promises whatsoever were given as an induce-

ment to obtain the confessions. Whereupon, the court found as a fact that the several statements made to the officers by the defendants "were free and voluntary," and were "admissible in evidence, the weight and credibility, if any, being matters for the jury."

The defendants in their confessions, according to the testimony of the officers (and there were five of them, including one member of the State Bureau of Investigation), corroborated in detail the evidence which the State had obtained prior to the arrest of the defendants.

The competency of a confession is a preliminary question for the trial court, and is not ordinarily subject to review. *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603; *S. v. Fain,* 216 N. C., 157, 4 S. E. (2d), 319; *S. v. Rogers,* 216 N. C., 731, 6 S. E. (2d), 499; *S. v. Manning,* 221 N. C., 70, 18 S. E. (2d), 821; *S. v. Hairston,* 222 N. C., 455, 23 S. E. (2d), 885. If a confession depends primarily on the determination of facts, the court's ruling will not be disturbed if supported by any competent evidence. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421; *S. v. Brooks,* 225 N. C., 662, 36 S. E. (2d), 238. Likewise, where the evidence is merely in conflict on the question as to whether or not a confession was voluntary, the ruling of the court is conclusive on appeal. *S. v. Biggs,* 224 N. C., 23, 29 S. E. (2d), 121. However, as said in *S. v. Andrew,* 61 N. C., 205: "What facts amount to such threats or promises as make confessions not voluntary and admissible in evidence is a question of law, and the decision of the judge in the court below can be reviewed by this Court; so, what evidence the judge should allow to be offered to him to establish these facts is a question of law." *S. v. Biggs, supra; S. v. Manning, supra.*

Applying the principles of law laid down in the decisions cited herein, to the facts disclosed on this record, the exception to the admission of evidence relating to the confessions made to the officers by the defendants, cannot be sustained.

We have carefully examined the remaining exceptions and assignments of error; and they are without merit.

In the trial below, we find
No error.