A. E. WYATT. ADMINISTRATOR OF THE ESTATE OF WILLIAM GILBERT WYATT, DECEASED, v. QUEEN CITY COACH COMPANY,

and

MAX WHITE, BY HIS NEXT FRIEND, L. L. WHITE, v. QUEEN CITY COACH COMPANY.

(Filed 13 October, 1948.)

**1. Evidence § 7b—**

In ordinary civil actions the burden of proof is by the preponderance of the evidence, which is simply evidence of greater weight than that offered in opposition to it.

**2. Trial § 31d: Appeal and Error § 39h—**

In this negligent injury action, the court, after several times correctly stating the burden of proof, charged that the jury should be satisfied "beyond a reasonable doubt" that defendant's negligence was the proximate cause of the injury in order to find the issue in the affirmative. After the jury had been out a short time. the court recalled it and explicitly withdrew and corrected the erroneous instruction. *Held:* The erroneous instruction was rendered harmless.

**3. Appeal and Error § 39f—**

The charge of the court will be construed contextually, and exceptions to excerpts therefrom will not be sustained when the charge, so construed. does not contain prejudicial error.

APPEALS by plaintiffs from *Clement, J.,* and a jury, at April Term, 1948, of RUTHERFORD.

Both of these actions arose out of a collision between a motorcycle and a motor bus, and were tried together by consent. The plaintiff, A. E. Wyatt, as administrator, sued the defendant, Queen City Coach Company, for damages for the wrongful death of his intestate, William Gilbert Wyatt, and the plaintiff, Max White, sued the defendant, Queen City Coach Company, for damages for personal injuries.

The accident occurred in a place other than a business or residential district on United States Highway No. 74 about six miles east of Asheville in Buncombe County between 8:30 and 9:00 a.m., on 31 August, 1947. The highway at this point was paved to a width of eighteen feet, and was marked by a center line put thereon by the State Highway and Public Works Commission.

When viewed most strongly in their favor, the evidence of the plaintiffs tended to establish the matters set out in this paragraph. William Gilbert Wyatt and Max White were traveling east upon a two-seated motorcycle at a speed not exceeding forty-five miles an hour. An east-bound motor bus of the Queen City Coach Company overtook the motorcycle at a speed of approximately seventy miles per hour, attempted to

pass the motorcycle without sounding its horn, and struck the motorcycle at least three feet to the right of the center line of the highway, killing Wyatt and injuring White.

The defendant introduced testimony, however, indicating that the tragedy occurred in the manner set out in this paragraph. When the bus overtook the motorcycle, its speed did not exceed fifty-five miles per hour. The driver of the bus gave the occupants of the motorcycle audible warning with his horn of his desire to pass, and accorded them a reasonable opportunity to heed such warning. They apparently heard the warning. The motorcycle gave way to the right, leaving the entire left side of the highway open for the free passage of the bus. The bus thereupon undertook to pass upon the left half of the highway. While the bus was passing, the motorcycle suddenly swerved to the left, crossed the center line of the highway, and struck the right side of the bus, causing the collision in controversy.

Issues were submitted to and answered by the jury in these words in the case in which A. E. Wyatt, administrator, was plaintiff:

1. Was the plaintiff's intestate, William Gilbert Wyatt, killed by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Did the plaintiff's intestate, by his own negligence, contribute to his death? Answer: . . .

3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: . . .

Issues were submitted to and answered by the jury in these words in the case in which Max White was plaintiff:

1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: . . .

3. What amount of damages, if any, is the plaintiff entitled to recover? Answer: . . .

The court rendered judgments on these verdicts exonerating the defendants from liability to the plaintiffs, and the plaintiffs appealed, assigning nine excerpts from the charge as error.

*C. O. Ridings, Charles C. Dalton, and J. Paul Head for plaintiffs, appellants.*

*Williams & Williams for defendant, appellee.*

ERVIN, J. The plaintiffs assign as error the following from the charge: "Now, if you are satisfied by the greater weight of the evidence that the defendant was negligent in operating the bus it would be necessary for you to go further and be satisfied beyond a reasonable doubt

that the negligent conduct of the defendant was the proximate cause of the damage or injury."

In ordinary civil actions, the verdict should be based on the preponderance of the evidence. *Wilson v. Casualty Co.,* 210 N. C., 585, 188 S. E., 102; *Ellett v. Ellett,* 157 N. C., 161, 72 S. E., 861, 39 L. R. A. (N. S.), 1135, Ann. Cas. 1913 B, 1215. By a preponderance of the evidence is meant simply the evidence which is of greater weight than that offered in opposition to it. *Supply Co. v. Conoly,* 204 N. C., 677, 169 S. E., 415; 32 C. J. S., Evidence, section 1021. Hence, it appears that the instruction set out above was erroneous in that it imposed upon the plaintiffs on the issues relating to the actionable negligence of the defendant a greater degree of proof than that required by law. *Williams v. Building & Loan Association,* 207 N. C., 362, 177 S. E., 176; *S. v. Swink, ante,* 123, 47 S. E. (2d), 852.

Before giving this erroneous instruction, the court clearly charged the jury in several instances that the plaintiffs had the burden of establishing the actionable negligence of the defendant by the greater weight of the evidence. After the jury had been out a short time, the court recalled the jury and withdrew and corrected the erroneous instruction in these words: "In trying criminal cases, Gentlemen, the burden is on the State to satisfy the jury beyond a reasonable doubt before they convict the defendant. In this Court here cases of this kind where the burden is on the plaintiff or the defendant, it is upon him to satisfy you by the greater weight of the evidence. The burden is on the plaintiff to satisfy you by the greater weight of the evidence on the first and third issues in each case before you would answer in the plaintiffs' favor. The burden is on the defendant on the second issue in each case to satisfy you by the greater weight of the evidence before you would answer that issue in its favor. I inadvertently used the words 'beyond a reasonable doubt' when I meant to say 'by the greater weight of the evidence,' so if anywhere in my charge I said, 'beyond a reasonable doubt' it was an inadvertence, I meant to say 'by the greater weight of the evidence.'"

It is plain that this prompt and explicit withdrawal and correction of the erroneous instruction rendered its original giving harmless error. *Bailey v. Hayman,* 222 N. C., 58, 22 S. E. (2d), 6; *Jones v. R. R.,* 194 N. C., 227, 139 S. E., 242.

We have made a painstaking examination of all of the other assignments of error of the plaintiffs, and have reached the conclusion that none of them can be sustained. The court below delivered a comprehensive charge to the jury. It covers thirty-one pages of the record. When the extracts from the charge challenged by the plaintiffs are placed in their context and the instructions to the jury are read as a whole, it becomes manifest that the trial court performed its statutory duty to "state in a

plain and correct manner the evidence given in the case and declare and explain the law arising thereon." G. S., 1-180; *Lewis v. Watson, ante,* 20, 47 S. E. (2d), 484.

When all is said, the trial in the court below resolved itself into a legal battle over sharply contested issues of fact. The jury answered the issues relating to the actionable negligence of the defendant adverse to the plaintiffs under a charge free from prejudicial error. Hence, the trial of these actions must be upheld.

No error.