STATE OF NORTH CAROLINA v. MILTON (PAP) GAY AND ANDY BARBOUR.

(Filed 14 October, 1959.)

1. **Criminal Law § 168—**

    Where defendant introduces evidence he waives his motion to nonsuit made at the close of the State's evidence, and his motion to nonsuit at the close of all the evidence challenges the sufficiency of the entire evidence to be submitted to the jury.

2. **Criminal Law § 99—**

    Only the evidence favorable to the State need be considered on defendant's motion to nonsuit.

**3. Criminal Law § 101—**

On motion to nonsuit the court is required to determine only the sufficiency of the evidence to be submitted to the jury, the weight of the evidence, the reconciliation of conflicts and the credibility of the witnesses being for the jury.

**4. Same—**

When some of the State's evidence tends to incriminate and some to exculpate the defendant, the incriminating evidence requires the submission of the issue to the jury.

**5. Homicide § 20—**

Evidence in this case held sufficient to be submitted to the jury on the question of defendant's guilt of second degree murder and manslaughter, defendant's contention that the State's evidence made out a complete defense being untenable.

HIGGINS, J., not sitting.

APPEAL by defendant Gay from *Bone, J.,* July Criminal Term, 1959, of WILSON.

Criminal prosecution upon a bill of indictment drawn in accordance with the provisions of G.S. 15-144, charging both defendants with the murder of Wade Thorne.

When the solicitor called the case for trial, he announced in open court that he would ask for a verdict of guilty of murder in the second degree or manslaughter as the facts might appear.

Both defendants pleaded Not Guilty. At the close of the State's evidence both defendants made motions for judgments of nonsuit. The motion of the defendant Barbour was allowed: the motion of the defendant Gay was denied. Whereupon, the defendant Gay introduced evidence in his behalf. At the close of all the evidence, the defendant Gay renewed his motion for judgment of nonsuit, which the court denied. The jury convicted defendant Gay of manslaughter.

From a judgment of imprisonment Gay appeals to the Supreme Court.

*Malcolm B. Seawell, Attorney General, Ralph Moody, Assistant Attorney General, for the State.*

*Vernon F. Daughtridge for defendant, appellant.*

PER CURIAM. Defendant Gay introduced evidence in his behalf. He thereby waived his motion for judgment of nonsuit made at the close of the State's evidence. G.S. 15-173. His motion for judgment of nonsuit made at the close of all the evidence challenges the sufficiency of the entire evidence to carry the case to the jury. *State v. Norris,*

242 N.C. 47, 86 S.E. 2d 916; *State v. Pasour,* 183 N.C. 793, 111 S.E. 779.

In considering the sufficiency of the entire evidence, only that favorable to the State need be considered. *State v. Troutman,* 249 N.C. 395, 106 S.E. 2d 569; *State v. Ewing,* 227 N.C. 535, 42 S.E. 2d 676.

The Court's inquiry on the motion for judgment of nonsuit is directed to the sufficiency of the evidence to warrant its submission to the jury: neither the weight nor the reconciliation of the evidence nor the credibility of the witnesses is for the Court. *State v. Hovis,* 233 N.C. 359, 64 S.E. 2d 564; *State v. Utley,* 126 N.C. 997, 35 S.E. 428.

When the State's evidence is conflicting — some tending to incriminate and some to exculpate the defendant — it is sufficient to repel a motion for judgment of nonsuit. *State v. Horner,* 248 N.C. 342, 103 S.E. 2d 694; *State v. Robinson,* 229 N.C. 647, 50 S.E. 2d 740.

There is no merit in defendant Gay's contention that the State's evidence makes out a complete defense for him. The State's evidence considered in the light most favorable to it tends to show that defendant Gay, Andy Barbour and Marie Jernigan met. Wade Thorne on a Saturday night on a street in the city of Wilson, went to Thorne's home in the city to take drinks of whisky, that while there Gay, Barbour and Jernigan each took a drink, that Gay and Thorne got to arguing and fighting at first with their hands, that Thorne had a knife and cut Gay, and Gay got a stick of wood or a chair or table leg and hit Thorne several blows with it on his head, fracturing his skull and causing his death.

A careful consideration of the record leads us to the conclusion that the entire evidence considered in the light most favorable to the State, and giving to the State the benefit of every reasonable inference to be fairly drawn therefrom, was sufficient to warrant the submission of the case to the jury on murder in the second degree and manslaughter. *State v. Kelly,* 243 N.C. 177, 90 S.E. 2d 241.

The assignments of error in respect to the evidence and the charge of the court have been examined, and none is sufficient to warrant a new trial. All are overruled.

No error.

HIGGINS, J., not sitting.