CORA FLINTALL v.
CHARLOTTE LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 14 June 1963.)

**1. Appeal and Error § 42—**

An assignment of error to the charge will not be sustained when the charge, construed contextually, could not have prejudiced appellant.

**2. Insurance § 17—**

A representation on an application for life insurance that the applicant has not used drugs or alcoholic stimulants to the point of intoxication for the prior five years refers to habitual use and not an occasional use or even an occasional excessive use.

**3. Insurance § 9—**

When insured himself procures a policy, he has a right to designate any person as his beneficiary.

**4. Insurance §§ 11.1; 26—**

Where a policy limits insurer's liability if insured's death should result within the first twelve months from causes specified or "from undetermined causes," the burden is upon insurer, after the beneficiary's proof of death of insured, to prove that the death resulted from a cause within the limitation.

**5. Insurance § 26—**

Where the death certificate introduced by plaintiff discloses the immediate cause of insured's death as unknown and the antecedent causes as natural causes, the stipulation of the antecedent causes as "natural causes" cannot be inferred to mean more than that the coroner, a layman without medical training, found no evidence of foul play, and it necessarily follows from plaintiff's evidence that the cause of death is undetermined, entitling insurer to a peremptory instruction under the provisions of the policy limiting liability if death resulted from undetermined causes.

**6. Trial § 31—**

While ordinarily a verdict may not be directed in favor of the party upon whom rests the burden of proof, when only one inference can be drawn from the facts admitted, the court may draw the inference and peremptorily instruct the jury.

APPEAL by defendant from *McKinnon, J.*, January Civil Term 1963 of ALAMANCE.

This is a civil action to recover as beneficiary the sum of $1,000.00, the face amount of a policy of insurance issued by the defendant on 25 July 1960 on the life of Wade Hinton.

The defendant denied recovery on the alleged ground that in the application for the insurance the insured made false statements material to the risk. It is alleged that in answer to question No. 17 in the application, which reads as follows: "Do you now or have you in the past five years used drugs or alcoholic stimulants to the point of intoxication?" the insured answered "No."

The defendant further alleged that its liability, if any, was only $500.00 because of a provision in the policy which reads: "If the death of the insured occurs during the first twelve months from the date of this policy resulting from suicide or homicide, whether intentional or unintentional, or from childbirth, tuberculosis, cancer, apoplexy, cerebral hemorrhage, paralysis, heart trouble, disase of the kidneys, or from undetermined causes, the company's liability hereunder shall be one half of the amount that would be payable for death from natural causes."

The insured lived in the home of plaintiff beneficiary from the time he was 14 or 15 years of age until his death some 20 years later, and the plaintiff made the arrangements for the insured's funeral, although he had several brothers and sisters living around Burlington. The plaintiff was not related to the insured.

The plaintiff and the defendant stipulated that the policy in question was issued; that the premiums were duly paid; and that the insured died on or about 6 November 1960.

The insured was found dead in a patch of woods on Richmond Hill, near the pathway, on 6 November 1960. No details or other information as to how he came to his death are disclosed by the record except in the death certificate and report signed by the coroner of Alamance County and in the proof of death filed with the defendant. The location of Richmond Hill or the nearness thereof to the home where the insured lived is not disclosed by the record.

The death certificate stated, "DEATH CAUSED BY: Immediate Cause (a) Unknown. Antecedent Causes * * * Due To (b) Natural Causes." The coroner's report attached to the proof of death contained the same information as that disclosed by the death certificate.

The evidence is to the effect that the insured "never saw a doctor" in 1960 and that his body was not examined by a doctor after his death. The coroner was a layman with no medical training.

The defendant's evidence tended to show that the insured had been seen occasionally prior to July 1960 under the influence of an intoxicant; that his employer had sent him home several times because of his drinking. The insured prior to his death was employed to do hard manual labor.

The defendant introduced in evidence a certified copy of the death certificate issued by the coroner relative to the death of Wade Hinton and the proof of death signed by the plaintiff.

The following issues were submitted to the jury and answered as indicated:

"1. Did Wade Hinton use drugs or alcoholic stimulants to the point of intoxication within five years prior to July 14, 1960? Answer: No.

"2. Did Cora Flintall pay the premiums on the policy covering the life of Wade Hinton? Answer: No.

"3. Did Wade Hinton die from undetermined causes within twelve months from the date of the policy? Answer: No.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,000.00."

Judgment was entered on the verdict and the defendant appeals, assigning error.

*J. J. Shields for defendant appellant.*
*Dalton & Long for plaintiff appellee.*

DENNY, C.J. The appellant assigns as error several excerpts from the charge of the court below applicable to the first and second issues.

We have carefully considered these assignments of error and in our opinion when the charge is considered contextually with respect to these issues, the jury could not have been misled to the prejudice of the defendant. *Kennedy v. James*, 252 N.C. 434, 113 S.E. 2d 889; *Keener v. Beal*, 246 N.C. 247, 98 S.E. 2d 19; *Vincent v. Woody*, 238 N.C. 118, 76 S.E. 2d 356; *Wyatt v. Coach Co.*, 229 N.C. 340, 49 S.E. 2d 650.

In 45 C.J.S., Insurance, section 601, page 417, it is said "Whether statements as to temperate habits or denials of excessive use of stimulants or narcotics are regarded as warranties or as material representations, they are to be construed as referring to continuous or periodical excessive indulgence which has become habitual, and not to occasional use or even an exceptional case of excess. So it has been held that a statement that insured does not drink or does not use malt or spirituous liquors or beverages, or does not use narcotics, should receive a reasonable construction, and refers not to a single incidental use but to a customary or habitual use."

Likewise, in 29 Am. Jur., Insurance, section 774, page 1030, we find the following statement: "It is generally held that questions whether an applicant for insurance has used or uses intoxicating liquor, and if so, the extent and average quantity, do not refer to an occasional or exceptional use of such drinks, but to the habitual or customary use. For instance, in an application for life insurance, a negative answer to the question, 'Do you use spirituous, malt, or vinous liquors?' is not false when the answerer partakes of intoxicating liquors only occasionally and temperately. It is likewise generally held that a warranty or representation that the insured is sober and temperate does not mean that he is a total abstainer from the use of intoxicants, but implies that his use is a moderate and not an excessive one. An occasional use of intoxicating liquors does not render the insured a man of intemperate habits, and an occasional case of excess will not justify the application of this character to him."

Furthermore, we think the evidence supports the conclusion that the insured procured the policy of insurance in question on his life. If so, he had the right to designate any person he might choose as beneficiary. *Hardy v. Insurance Co.*, 152 N.C. 286, 67 S.E. 767; *Hardy v. Insurance Co.*, 154 N.C. 430, 70 S.E. 828.

It appears the insured had previously taken out a policy on his life with the defendant but had let it lapse due to his unemployment. When he procured a new job in July 1960 he requested the defendant to reinstate his old policy, but at the suggestion of the defendant's agent he took out a new policy instead.

These assignments of error are overruled.

The defendant contends that its liability, if any, upon the policy of insurance involved herein, is limited by the provisions of the policy to $500.00, and assigns as error the following instruction to the jury: "Upon this third issue, members of the jury, I instruct you that if you are satisfied from the evidence and by its greater weight, the burden being upon the defendant to so satisfy you that Wade Hinton did die from some undetermined cause it being admitted that he died within twelve months of the date of the policy, that is you find he died from cause not decided upon after a reasonable investigation as to what the cause was, it would be your duty to answer the issue 'Yes.' If you fail to so find, it would be your duty to answer 'No.' "

In 29A Am. Jur., Insurance, section 1854, page 918, it is said: "If a risk is excepted by the terms of a policy which insures against other perils or hazards, loss from such a risk constitutes a defense which the insurer may urge, since it has not assumed that risk, and from this it follows, at least as a general rule, that an insurer seeking to defeat a claim because of an exception or limitation in the policy has the burden of proving that the loss, or a part thereof, comes within the purview of the exception or limitation set up. In other words, the principle generally applied by the courts is that if proof is made of a loss apparently within a contract of insurance, the burden is upon the insurer to prove that the loss arose from a cause of loss which is excepted or for which it is not liable, or from a cause which limits its liability."

This assignment of error seems to present a question not heretofore considered by this Court. Moreover, the briefs contain no citation of authority bearing on the interpretation to be given the words "undetermined causes." Neither have we found any. Even so, we see no reason why the word "undetermined" should not be given its ordinary meaning. Webster's New International Dictionary, Third Edition, defines "undetermined" as: "Not yet definitely or authoritatively decided, settled, or fixed; not yet positively identified or ascertained."

The insured died under unusual or mysterious circumstances. The evidence discloses no illness immediately prior to his death except in the proof of death, defendant's Exhibit 1, in answer to question No. 5, which reads as follows: "When did deceased first complain of, or give other indications of his last illness?" this question was answered by the plaintiff, viz: "November 3, 1960, sore throat." This was on Thursday before the insured was found dead on Sunday, 6 November 1960. The proof of death also reveals that the deceased last attended to his usual work on 4 November 1960.

In view of the facts and circumstances disclosed on this record, we have come to the conclusion that the statement in the certificate of death, that the immediate cause of death was "unknown," and giving the antecedent causes as "natural causes," that the antecedent causes should not be interpreted to mean anything more than that the coroner found no evidence of foul play. Moreover, if the cause of death is unknown, it necessarily follows that the cause of death is undetermined. Therefore, when the defendant introduced in evidence the proof of death filed by the plaintiff, and the coroner's certificate of death, they were sufficient to show that the cause of death was undetermined. Consequently, we think the defendant was entitled to an instruction that, if the jury answered the first and second issues "No," and found from the evidence and by its greater weight that the insured died from "undetermined causes," the jury would answer the third issue "Yes." We do not think the burden was on the defendant to establish by the greater weight of the evidence that the defendant died from "cause not decided upon after a reasonable investigation as to what the cause was * * *."

"While ordinarily a verdict may not be directed in favor of the party having the burden of proof, when only one inference can be drawn from the facts admitted, the court may draw the inference and peremptorily instruct the jury." *Davis v. Vaughn,* 243 N.C. 486, 91 S.E. 2d 165; *Church Conference v. Locklear,* 246 N.C. 349, 98 S.E. 2d 453; *Finance Co. v. O'Daniel,* 237 N.C. 286, 74 S.E. 2d 717; *Morris v. Tate,* 230 N.C. 29, 51 S.E. 2d 592; *LaVecchia v. Land Bank,* 218 N.C. 35, 9 S.E. 2d 489; McIntosh, North Carolina Practice and Procedure, Second Edition, Section 1516.

Therefore, since the burden of proof was on the defendant to establish an affirmative answer to the third issue, thereby reducing the amount that plaintiff was entitled to recover under the provisions of the policy from $1,000.00 to $500.00, the defendant, in light of all the evidence adduced in the trial below, was entitled to a peremptory instruction on the third issue.

The defendant is entitled to a new trial and it is so ordered.

New trial.