## STATE v. DALLAS ORR

(Filed 18 September 1963.)

**1. Criminal Law § 99—**

The evidence must be viewed in the light most favorable to the State upon defendant's motion to nonsuit.

**2. Criminal Law § 98—**

The credibility of witnesses and the weight to be given their testimony are questions for the jury and not the court.

**3. Rape § 5—**

The evidence in this prosecution for rape *held* sufficient to require the court to submit the issue of guilt to the jury.

**4. Criminal Law §§ 106, 161—    Inadvertence in charge may be cured by prompt and complete correction.**

In this prosecution for a capital crime the court correctly placed the burden upon the State to show guilt beyond a reasonable doubt and correctly defined that term, but in one instance in stating defendant's contentions and also in attempting to correct the inadvertence, used the phrase "by the greater weight of the evidence." Immediately before the

jury retired, the court emphatically corrected its inadvertence and charged that the burden was on the State to prove guilt beyond a reasonable doubt. *Held:* It must be assumed that the jurors were men of sufficient intelligence to understand the court's unequivocal correction of its slip of the tongue, and the conflict in the instructions was removed.

APPEAL by defendant from *Brock, S.J.,* March, 1963 Term, GRAHAM Superior Court.

In this criminal prosecution the defendant, Dallas Orr, was charged with the capital felony of rape. The offense is alleged to have occurred on December 3, 1961. A jury trial resulted in a verdict of guilty. As a part of the verdict the jury recommended life imprisonment.

The defendant did not offer evidence. After verdict and judgment his court-appointed counsel was permitted to withdraw upon the ground his family had employed counsel to represent him on this appeal.

*T. W. Bruton, Attorney General.*
*James F. Bullock, Asst. Attorney General, for the State.*
*McKeever & Edwards, by Herman Edwards for defendant appellant.*

HIGGINS, J.   The defendant contends that the trial court committed error (1) by overruling his motion to dismiss; and (2) by giving the jury conflicting instructions as to the quantum of proof necessary to convict. All other exceptions and assignments of error are abandoned.

The prosecuting witness, a woman 57 years of age, testified for the State, detailing circumstances sufficient to go to the jury and to sustain its verdict. The victim was well acquainted with the defendant. She made complaint to the members of her family and to the sheriff at the first opportunity. The story she told them immediately after the alleged assault was in substance the same as her testimony at the trial.

The defendant left the community on the day of the alleged assault. He was arrested ten months later in Knoxville, Tennessee. While in custody he told the investigating officer that on December 3, 1961, he went to the home of the prosecutrix, stayed a short time, left, but after seeing her husband and daughter leave the house, he "then walked back up to Roscoe's house and stayed there awhile and then left and went . . . home; that after he had been at his home awhile someone . . . told him something was in the air, and he left and went to Detroit. . . . He said he would tell his story in court;

that he had rather not say anything concerning the offense he was charged with at that time."

In passing on the motion to dismiss, we must view the evidence in the light most favorable to the State. *State v. Tessnear*, 254 N.C. 211, 118 S.E. 2d 393; *State v. Gay*, 251 N.C. 78, 110 S.E. 2d 458. The credibility of witnesses and the proper weight to be given their testimony must be decided by the jury — not by the court. *State v. Kelly*, 243 N.C. 177, 90 S.E. 2d 241. The evidence in the case was sufficient to require the court to submit the issue of guilt to the jury. The motion to dismiss was properly denied.

Inasmuch as the defendant has raised the question of conflicting instructions, we here repeat the parts of the charge material to decision on the assignment of error:

> "Now, upon the defendant's plea of not guilty to the charge the burden is upon the State to satisfy you beyond a reasonable doubt of each and every element of the offense charged. There is no burden upon the defendant to prove anything. The burden rests entirely upon the State.
>
> "In criminal cases in our State, and in all the States of the United States, there is a presumption of innocence upon a plea of not guilty. The defendant is presumed innocent and that presumption remains with him throughout the trial until such time as the State has offered competent evidence which is sufficient to satisfy you beyond a reasonable doubt that the defendant is guilty.
>
> "Now, I want to call your attention to the phrase 'reasonable doubt,' so that we might understand at the outset what is meant by it, because in my charge I will use the phrase a number of times. A reasonable doubt, members of the jury, is not a vain, imaginary or fanciful doubt, but it is a sane and rational doubt. When we say you must be satisfied of defendant's guilt beyond a reasonable doubt, it is meant that you must be fully satisfied, or entirely convinced, satisfied to a moral certainty that the defendant is guilty of the charge against him. So I charge you, gentlemen of the jury, that you will bear in mind throughout your deliberations that the burden of proof rests upon the State to satisfy you beyond a reasonable doubt of each element of the offense charged."

After reciting the substance of the State's evidence, the court charged:

"Now, upon this evidence, members of the jury, and upon this charge as contained in the bill of indictment, the State says and contends that the defendant did forcibly have carnal knowledge with the prosecuting witness, Mattie Orr, against her will, and they say and contend that the evidence offered here should be sufficient to satisfy you beyond a reasonable doubt that he is guilty of the charge as contained in the bill of indictment. . . .

"The defendant, on the other hand, says and contends, through his plea of not guilty, that you should not be satisfied by the greater weight of the evidence that this is so.

"The defendant says and contends that the evidence offered by the State is not sufficient to satisfy you beyond a reasonable doubt of any of the three elements of the charge contained in the bill of indictment, and he says and contends that, even if the evidence might be sufficient to establish one of the elements, that it is not sufficient to establish all three, and that therefore you should not be satisfied beyond a reasonable doubt that he is guilty as charged in the bill of indictment.

"So, members of the jury, the Court instructs you that if you are satisfied beyond a reasonable doubt that on the occasion on December 3, 1961, that the defendant did, forcibly and against her will, and they have been defined to you, carnally know the prosecuting witness, as that has been defined to you, then it would be your duty to return a verdict of guilty as charged in the bill of indictment. If the State has not satisfied you of each of those elements beyond a reasonable doubt, then, gentlemen, it would be your duty to return a verdict of a lesser degree of the crime, as I will define that to you, or a verdict of not guilty." * * * *

"Gentlemen of the jury, it has been called to my attention that somewhere in my instructions to you I used the phrase 'by the greater weight of the evidence.' That is incorrect, it is improper in a criminal action. It was a slip of the tongue on the part of the Court, which is a hangover from the trial of civil actions. It has no application in this case, and what the Court intended to say in the place of that phrase, if he did use it, is 'beyond a reasonable doubt,' because that is the application that has to be used in criminal actions. So, in your consideration of whether or not you find the defendant guilty of anything, you will use the greater weight of the evidence, and let the State have the burden of satisfying you by the greater weight of the evidence upon all these facts."

Finally, just before the jury retired, the court concluded:

> "Gentlemen, please, if I have slipped up again and say 'by the greater weight of the evidence,' I will say to you it is a hangover from many weeks of civil court, and I do intend for you to understand that I meant beyond a reasonable doubt, and that is the theory you will apply in your consideration of all the evidence."

It is fundamental that evidence must satisfy a jury of guilt beyond a reasonable doubt before conviction of crime is authorized. A finding of guilt by the greater weight of the evidence cannot be sustained in a criminal prosecution. A charge that a jury may convict on the greater weight of the evidence is error. Since a correct charge is a fundamental right of every accused, it must appear with reasonable certainty in any case — especially in one involving a capital offense — that the court's error in giving the greater weight of the evidence rule was corrected, its harmful effect entirely removed, and the correct rule clearly fixed in the minds of the jury in order for the conviction to stand.

In this case the court first correctly charged that evidence must show guilt beyond reasonable doubt, correctly defined that term, but then, in stating the defendant's contentions applied the greater weight of the evidence rule. In the first attempt at correction the court again made the same mistake. However, just before the jury retired the court again admitted its inadvertent reference to the greater weight of the evidence, cautioned the jury that the court intended to say and that the jury could convict only if satisfied of guilt beyond a reasonable doubt. We must assume members of the jury were men of sufficient intelligence to serve as jurors. The fullness with which the court charged on reasonable doubt, then explained to the jury its inadvertence in stating the rule in civil cases, and its unequivocal correction removed any danger that the jury could have been misled and failed to apply the reasonable doubt rule.

Many times this Court has passed on the trial court's power and duty to correct inadvertent errors of the type here involved. "The error (in the court's charge) was sufficiently retracted, and the correct rule given as to the *prima facie* case, presumption of innocence, reasonable doubt, and burden of proof." *State v. Baldwin* 178 N.C. 693, 100 S.E. 345. "It is plain that this prompt and explicit withdrawal and correction of the erroneous instruction rendered its original giving harmless error." *Wyatt v. Coach Co.*, 229 N.C. 340, 49 S.E. 2d 650. "In the beginning of the charge the court used an inadvertent

expression in connection with the *quantum* of proof required of a defendant, who admits an intentional killing with a deadly weapon, to rebut the presumption of murder in the second degree. *S. v. Gregory,* 203 N.C. 528, 166 S.E. 387. However, this was later corrected, and we perceive no harm as having come to the defendant in this respect." *State v. Rogers,* 216 N.C. 731, 6 S.E. 2d 499; *State v. Brooks,* 225 N.C. 662, 36 S.E. 2d 238. "The error which the court inadvertently made in the charge upon the third issue was subsequently corrected. The assignment of error based on the exception . . . cannot be sustained." *Jones v. R.R.,* 194 N.C. 227, 139 S.E. 242.

The legal principles discussed in the briefs for the State and for the defendant, and the cases cited as authority are based on the assumption the court left with the jury conflicting instructions as to the quantum of proof required to support a guilty verdict. Notwithstanding the court's slip of the tongue statement on two occasions that conviction may be had on the greater weight of the evidence, the court cautioned the jury that it had inadvertently said "greater weight of the evidence," having meant to say, "beyond a reasonable doubt," and that the jury must apply the reasonable doubt rule. The court had the authority and we think properly exercised it in this instance to correct its inadvertence. We must assume the jury understood and heeded the instruction that a guilty verdict required proof beyond a reasonable doubt. The correction removed from the jury any idea that a verdict of guilty could be returned on the greater weight of the evidence. This correction removed the conflict from the court's charge. Surely the trial court has power to correct an inadvertence, especially if the discovery is immediate and the correction prompt and complete.

No error.