STATE *v.* BURGESS.

"1. Was the plaintiff injured as a result of the negligence of the defendants, as alleged in the Complaint?
"ANSWER: Yes.

"2. If so, did the plaintiff by his own negligence contribute to his injuries, as alleged in the Answer?
"ANSWER: No.

"3. What amount, if any, is the plaintiff entitled to recover from the defendants?
"ANSWER: $3,200.00."

From a judgment upon the verdict defendants appealed.

*Sanders & Holt by Emerson T. Sanders and Clyde A. Wootton for defendant appellants.*
*Ross, Wood & Dodge by B. F. Wood for plaintiff appellee.*

---

STATE v. JOHN BUCK BURGESS.

(Filed 14 January, 1966.)

APPEAL by defendant from *Clarkson, J.,* June 1965 Session of POLK.

Defendant was tried on a bill of indictment containing three counts, to wit: First, feloniously breaking and entering a certain building occupied by Dr. W. T. Head; second, larceny of described personal property of the value of $100.00, consisting of a typewriter

and a radio; and third, feloniously receiving stolen property, to wit, said typewriter and radio. The indictment alleged said criminal offenses were committed in Polk County, North Carolina, on November 10, 1963. (Note: Our records disclose that defendant pleaded *nolo contendere* to said charges at January 1964 Session and thereupon judgment imposing prison sentences was pronounced; that, on defendant's petition, a post-conviction hearing was held in which an order was entered January 25, 1965 denying defendant's petition; and that this Court, by its order of April 13, 1965, allowed defendant's petition for *certiorari*, reversed said order of January 25, 1965, vacated said plea and said judgment, and remanded the cause for trial *de novo*.)

Wm. A. McFarland, Esq., court-appointed counsel, who had previously represented defendant in connection with said post-conviction proceedings, represented defendant at his trial *de novo* at June 1965 Session.

Evidence was offered by the State and by defendant.

As to the third count, defendant's motion for judgment as in case of nonsuit was allowed. At to the first and second counts, defendant's motion for judgment as in case of nonsuit was denied.

Verdict: "Guilty of breaking and entering, as charged in the Bill of Indictment, and guilty of larceny of property of the value of less than $200.00 as charged in the Bill of Indictment."

Based upon defendant's said conviction on said first and second counts, the court pronounced judgment imposing prison sentences of eight years and two years, respectively, the two-year sentence on the second count to commence upon expiration of the eight-year sentence on the first count. Defendant excepted and appealed.

An order was entered (1) permitting defendant to appeal *in forma pauperis*, (2) appointing defendant's trial counsel as his counsel in connection with his appeal, and (3) requiring that Polk County provide the necessary transcript and pay the necessary costs of preparing the record and briefs incident to defendant's appeal.

*Attorney General Bruton and Deputy Attorney General McGalliard for the State.*

*Wm. A. McFarland for defendant appellant.*

PER CURIAM. By oral argument and by brief, defendant's counsel stressed the assignment of error based on the denial of defendant's motion for judgment as in case of nonsuit as to the first and second counts of the bill of indictment.

The State relied upon circumstantial evidence to prove defendant was guilty of the criminal offenses charged in said first and second counts. We have examined the evidence carefully in the light of the rule stated in *S. v. Stephens,* 244 N.C. 380, 93 S.E. 2d 431, and subsequent cases in accord therewith. The conclusion reached is that the evidence, when considered in the light most favorable to the State, *S. v. Orr,* 260 N.C. 177, 179, 132 S.E. 2d 334, was sufficient to require submission to the jury and to support the verdict. Hence, defendant's said motion for judgment as in case of nonsuit was properly overruled.

Consideration of all other assignments of error brought forward in substantial compliance with our rules, Rules of Practice in the Supreme Court, 254 N.C. 783, fails to disclose error of such prejudicial nature as to justify a new trial.

No error.