OLLIE ALLEN v. INVESTORS HERITAGE LIFE INSURANCE COMPANY

No. 818DC844

(Filed 4 May 1982)

Insurance §§ 12, 29.1— life insurance policy—change of beneficiary—no insurable interest—summary judgment proper

    The trial court properly granted summary judgment in favor of defendant life insurance company where plaintiff purchased an insurance policy, payable to himself, for the purpose of paying funeral expenses upon the death of his uncle, where plaintiff's estranged wife executed a form changing the beneficiary of the policy to herself without plaintiff's knowledge and where plaintiff's wife may have lacked an interest in the life of the insured upon

which the original issuance of the policy could have been based. Plaintiff knew his wife had changed the beneficiary, plaintiff failed to make allegations of fact in his affidavit which would support a finding that his uncle lacked legal capacity to change the beneficiary of the policy on his life, and once a policy has been lawfully issued, it will not be rendered unlawful because the insurer designates a beneficiary who could not have procured the policy himself.

APPEAL by plaintiff from *Ellis, Judge.* Judgment entered 9 June 1981 in District Court, WAYNE County. Heard in the Court of Appeals 1 April 1982.

This action arose when plaintiff sought to recover the benefits of a life insurance policy on the life of plaintiff's uncle. Plaintiff had purchased the policy, payable to himself, in 1975 for the purpose of paying funeral expenses upon the death of his uncle, an incompetent, whose only living relative was plaintiff. In 1976, without plaintiff's knowledge, plaintiff's estranged wife executed a form changing the beneficiary of the policy to herself, signing her name and that of the insured. When plaintiff's uncle died in 1978, defendant paid the policy proceeds to plaintiff's wife. Plaintiff paid all of his uncle's burial expenses.

From summary judgment for defendant, plaintiff appeals.

*Duke and Brown, by John E. Duke, for plaintiff appellant.*

*John W. Dees for defendant appellee.*

ARNOLD, Judge.

Plaintiff's only assignment of error is that the trial court erred in granting summary judgment for defendant. Plaintiff contends that he, rather than defendant, was entitled to summary judgment in his favor.

It is not disputed that in 1976 defendant insurance company received a signed and witnessed change of beneficiary form designating plaintiff's wife as beneficiary of the insurance policy. The signature on the form purported to be that of the insured.

Plaintiff argues, however, that receipt of this form did not excuse defendant from liability for its allegedly wrongful payout to plaintiff's estranged wife because:

1. The insured did not sign the form;

2. Even if the insured did sign, the signature was ineffective because of the insured's incompetence;

3. Plaintiff's wife had no insurable interest in the insured's life.

While we are not unsympathetic to the wrong allegedly suffered by plaintiff at the hand of his former wife, we can find nothing in the record to support his claim against the insurance company. The change of beneficiary form appeared in all respects to have been properly executed and contained nothing which might have placed defendant on notice of forgery or undue influence. Indeed, we must reluctantly conclude that plaintiff himself was in a far better position to foresee his wife's action and to protect his interests therefrom than was defendant. By his own admission, plaintiff had demanded that his wife surrender the policy to him after their separation and she had refused. Following the death of the insured, more than one month passed before defendant issued a check to plaintiff's wife as beneficiary. Yet, at no time before or after the death of the insured did plaintiff notify the insurance company of his wife's wrongful possession of the policy, or of his continuing claim thereto. We must conclude, therefore, that defendant reasonably relied on the apparent validity of the change of beneficiary form and had no notice, actual or constructive, of the alleged disability of the insured to make such a change, or of unlawfulness due to the purported beneficiary's alleged lack of an insurable interest.

With regard to the issue of competency, we find that plaintiff has failed to make allegations of fact in his affidavit which would support a finding in his favor. Absent some forecast of evidence which would support plaintiff's claim, the court could not consider his allegation that the insured lacked legal capacity to change the beneficiary of the policy on his life.

Finally, as to the question of insurable interest, we agree that plaintiff's wife may have lacked an interest in the life of the insured upon which the original issuance of the policy could have been based. However, once a policy has been lawfully issued, it will not be rendered unlawful because the insured designates a beneficiary who could not have procured the policy himself. *Flintall v. Charlotte Mutual Insurance Co.*, 259 N.C. 666, 131 S.E. 2d 312 (1963).

In view of the foregoing, we hold that summary judgment was properly granted.

Affirmed.

Judge WEBB concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

Plaintiff applied to the insurer's authorized agent for the life insurance policy, explaining to the agent at the time that he was assuming responsibility for the care and maintenance of the insured. The agent knew that insured could not sign his name, and the agent requested plaintiff's wife to sign the policy application for the insured. The agent was informed that plaintiff would pay the premiums and that plaintiff would need the policy proceeds to defray the funeral expenses of the insured upon his death. All these facts were known to the insurer's agent.

It further appears from the pleadings and supporting material that plaintiff's estranged wife, the third-party defendant, signed the name of the insured on the change of beneficiary form, either fraudulently or without knowledge or authority of the insured or the plaintiff, and that insured was mentally incompetent at the time.

In my opinion, plaintiff was more than a beneficiary with a contingent interest. And insurer, through its agent, had notice of insured's disability. There are unanswered questions of fact and law which make summary judgment for the defendant improper. I vote to reverse the judgment.