STATE OF NORTH CAROLINA v. ALTON RAY CURMON

No. 77

(Filed 14 July 1978)

1. Criminal Law § 21 — right to communicate with friends — defendant not prejudiced

Defendant's contention that his case should have been dismissed because his arresting officers allegedly failed to inform him of his right to communicate with friends pursuant to G.S. 15A-501(5) is without merit, since defendant did

not specifically raise that issue in the trial court but instead alleged unspecified constitutional infringements; there was nothing in the record to show that defendant was not informed of his right to communicate with friends or that he was denied this opportunity; defendant did not show that he was actually prejudiced even if he was denied his right to communicate with friends since he was informed of his *Miranda* rights, waived those rights, and voluntarily submitted his statement to police; and defendant failed to show any evidence of a violation of his constitutional rights.

2. **Criminal Law § 96— objectionable evidence—jury instructed to disregard—no mistrial required**

In a prosecution for rape, burglary, armed robbery and assault with a deadly weapon where the prosecutor asked the doctor who had examined the victim to describe her condition generally, defendant was not prejudiced by the witness's unresponsive answer that the victim was "the most brutally beaten woman I have seen in my 19 years of doing Obstetrics and Gynecology," since the judge instructed the jury not to consider such testimony; the prosecutor's question was entirely proper; and there was no evidence that the question was asked in bad faith.

APPEAL by defendant from *Martin (Harry C.), J.,* at the 18 April 1977 Criminal Session of PITT Superior Court. This case was docketed and argued in this Court as No. 103 at the Fall Term 1977.

Defendant was tried and convicted upon bills of indictment, proper in form, of second degree rape, first degree burglary, armed robbery, and assault with a deadly weapon inflicting serious injury. He was sentenced to thirty years imprisonment for the conviction of second degree rape, and life imprisonment for the offense of first degree burglary. The charges of armed robbery and assault with a deadly weapon inflicting serious injury were consolidated for judgment and defendant was sentenced to a prison term of ten years. All sentences are to run consecutively.

Defendant appealed to this Court from the sentence of life imprisonment, and defendant's convictions of armed robbery, assault, and second degree rape were certified for initial appellate review by this Court pursuant to G.S. 7A-31(a).

The facts underlying this case are identical to those set forth in *State v. Joyner,* 295 N.C. 55, 243 S.E. 2d 367 (1978). Evidence for the State tended to show that the defendant is one of five men who broke into the home of Ms. Carolyn Lincoln in rural Pitt County on the night of 11 January 1977. Ms. Lincoln was raped

several times by each of the men, and was brutally assaulted by way of a Pepsi-Cola bottle being forced into her rectum. The defendant made the following confession upon his arrest:

> "I, Alton Ray Curmon, on January 11, 1977, while with Sylvester Joyner and Roy Ebron and Roy Lee Barnes and Roderick Joyner, assaulted and forcibly raped a white lady who was in a house off a dirt road, off Highway 43 North. I assaulted her by sticking a soft drink bottle approximately four inches into her rectum while Sylvester Joyner held her legs. I raped her by having sexual intercourse with her after hitting her, threatening to kill her, and against her will."

Since the evidence presented in this case is substantially the same as that set forth in *State v. Joyner, supra,* we will not recount further the horrible and disgusting details of the crimes, but instead will incorporate the facts as set forth in *Joyner.*

*Attorney General Rufus L. Edmisten and Associate Attorney Amos Dawson for the State.*

*Dallas Clark, Jr. for defendant appellant.*

MOORE, Justice.

[1] Under his first assignment of error defendant argues that the trial court committed prejudicial error (1) in failing to find facts, enter conclusions of law, and enter an order thereon upon defendant's motion to dismiss based on violations of defendant's rights under G.S. 15A-501, and (2) in denying defendant's motion to dismiss due to alleged violations of G.S. 15A-501. Defendant specifically argues that his case should have been dismissed because his arresting officers allegedly failed to inform him of his right to communicate with friends pursuant to G.S. 15A-501(5). That provision says:

> "Upon the arrest of a person, with or without a warrant . . . a law-enforcement officer:

> \*    \*    \*

> (5) Must without unnecessary delay advise the person arrested of his right to communicate with counsel and friends and must allow him reasonable time and reasonable opportunity to do so."

Prior to trial defendant submitted a written motion to dismiss for reasons (1) that his *Miranda* rights had been violated, (2) that certain physical evidence was taken from him without either his consent or a court order, and (3) "[t]hat the defendant's rights were unconstitutionally infringed upon and violated between the time of his arrest without a warrant and the time of defendant's initial appearance in Pitt County District Court." Several days prior to defendant's trial a hearing was held on this motion before Peel, J. After hearing evidence presented by both the State and defendant, Judge Peel found that various statements obtained from defendant were voluntarily made after he had been informed of and had waived his rights under *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966), and that certain physical evidence was lawfully obtained from the defendant. Judge Peel then denied defendant's motion to dismiss.

Defendant does not take issue with the specific findings and conclusions of law actually made by Judge Peel. Instead he attacks the court's order on grounds that the judge failed to find facts and enter conclusions of law concerning whether defendant was advised of his statutory right to communicate with friends upon his arrest. Defendant argues that the absence of such findings, plus the alleged failure of officers to so inform defendant of this right, now merits a reversal of his convictions.

Defendant argues that Paragraph 3 of his motion, *supra*, raised the question whether his G.S. 15A-501(5) rights were violated. A reading of Paragraph 3 does not, in fact, so indicate. Instead Paragraph 3 speaks of unspecified constitutional infringements. The trial court is under no duty to divine the meaning of such a vague assertion of violation of rights. This is especially so where defendant did not raise the issue at the hearing itself or later at trial. Defendant presented no evidence on this issue. There is nothing in the record to show that defendant was not informed of his right to communicate with friends or that he was denied this opportunity. It was defendant's duty under G.S. 15A-951(2) to state the grounds of the motion. Not having done so, the issue was not properly before the trial court.

Additionally, in view of the findings that defendant was informed of his *Miranda* rights, waived these rights, and voluntarily submitted his statement to police, we do not see how defendant could have suffered prejudice had he actually been denied his

statutory right to communicate with friends. A mere technical error will not entitle a defendant to a new trial; rather, it is necessary that the error be material and prejudicial. *See State v. Alexander*, 279 N.C. 527, 184 S.E. 2d 274 (1971); *State v. Paige*, 272 N.C. 417, 158 S.E. 2d 522 (1967). This Court also has held that a violation of the procedures of G.S. 15-47, the predecessor to G.S. 15A-501, does not affect the validity of a subsequent trial. *See State v. McCloud*, 276 N.C. 518, 173 S.E. 2d 753 (1970); *State v. Hargett*, 255 N.C. 412, 121 S.E. 2d 589 (1961). (But *cf. State v. Hill*, 277 N.C. 547, 178 S.E. 2d 462 (1971).) Finally, G.S. 15A-954(a)(4) provides that the court must dismiss the charges against a defendant where "[t]he defendant's constitutional rights have been flagrantly violated and there is such irreparable prejudice to the defendant's preparation of his case that there is no remedy but to dismiss the prosecution." As stated in *State v. Joyner, supra*, "The provisions of G.S. 15A-954(a)(4) were intended to embody the holding of this Court in *State v. Hill*, 277 N.C. 547, 178 S.E. 2d 462 (1971). *See* Official Commentary to G.S. 15A-954. As is indicated in the Official Commentary, since the provision contemplates drastic relief, a motion to dismiss under its terms should be granted sparingly." In present case defendant has not only failed to show irreparable prejudice to the preparation of his case, but he has also failed to show any evidence of a violation of his constitutional rights. This assignment is therefore overruled.

[2]　Under his next assignment defendant insists that the trial court erred in its failure to declare a mistrial following the testimony of Dr. G. S. Satterfield. Dr. Satterfield examined the victim soon after the crimes had been committed against her. At trial he testified in detail as to Ms. Lincoln's physical condition on the day of her examination. Thereafter the prosecutor asked the witness the following question: ". . . would you please describe her condition generally?" Counsel for defendant objected to the question and his objection was overruled. Dr. Satterfield then answered: "She was the most brutally beaten woman I have seen in my 19 years of doing Obstetrics and Gynecology." Defendant objected and moved to strike. Defendant's motion was granted. The trial judge then at length instructed the jury to disregard Dr. Satterfield's answer and not to consider it in their deliberations. Defendant thereupon moved for a mistrial. This motion was denied.

Defendant now contends that his objection to the question should have been sustained due to the prosecutor's bad faith in posing the question, and that his motion for mistrial should have been granted due to the insufficiency of the court's curative instruction in eradicating prejudice to the defendant. We find no merit in these arguments. The prosecutor's question was entirely proper and there is no evidence that it was asked merely to excite and prejudice the jury. The fact that this witness's answer to the question was unresponsive does not amount to a showing of bad faith. The question itself was proper in that it amounted to a request for a general explanation of the physical condition of the victim. Hence there was no error in the trial judge's overruling of defendant's objection to the question.

There is likewise no error in the trial court's denial of defendant's motion for mistrial. The allowance or refusal of a motion for mistrial in a criminal case less than capital rests largely in the discretion of the trial court, "and his ruling thereon (without findings of fact) is not reviewable without a showing of gross abuse of discretion." *State v. Daye*, 281 N.C. 592, 189 S.E. 2d 481 (1972); *State v. Battle*, 267 N.C. 513, 148 S.E. 2d 599 (1966); *State v. Pfeifer*, 266 N.C. 790, 147 S.E. 2d 190 (1966). No such abuse of discretion is shown in present case. The fact that the jury had already heard from Ms. Lincoln the gruesome details of the assaults upon her, which testimony was corroborated by Deputy Stocks' description of her physical condition and defendant's own confession, indicates that any prejudice done the defendant by the answer was, at most, minimal. The granting of defendant's motion to strike the answer and the proper curative instruction which ensued were sufficient to erase the prejudice, if any. For these reasons the trial court did not err in denying defendant's motion for mistrial.

Under his fourth and fifth assignments of error defendant argues that the trial court committed error in denying defendant's motions for nonsuit on the charges of armed robbery and assault with a deadly weapon inflicting serious injury. These same assignments were raised in *State v. Joyner, supra,* a companion case involving a co-perpetrator of the crimes. The arguments made by counsel for defendant in his brief are identical to those made by counsel in *Joyner*. The evidence against both men is substantially the same. Accordingly, on the basis of

the ruling and holdings of no error on these assignments in *State v. Joyner, supra,* these assignments are overruled.

Defendant finally presents several formal assignments; to wit, that the trial court committed error in denying defendant's motion to set the verdict aside, in denying defendant's motion in arrest of judgment, and in denying defendant's motion to dismiss. Defendant's motion to dismiss has been found to be without merit in the Court's discussion of this defendant's first assignment of error. A motion to set aside the verdict is addressed to the discretion of the trial court, and a denial of the motion is not reviewable in absence of an abuse of discretion. *State v. Lindley,* 286 N.C. 255, 210 S.E. 2d 207 (1974). Defendant's motion to set aside the verdicts of guilty concern the assault and armed robbery charges. Since we have found no error in the court's denial of his motions for nonsuit on these two charges, we accordingly hold that defendant's motion to set aside these verdicts was properly denied. Finally, a motion in arrest of judgment is based on the allegation of a fatal defect appearing on the face of the record. *State v. Davis,* 282 N.C. 107, 191 S.E. 2d 664 (1972). When error does not appear on the face of the record the judgment will be affirmed. *State v. McNeil,* 280 N.C. 159, 185 S.E. 2d 156 (1971). We have reviewed the record, and find no such fatal defects. Defendant's motion in arrest of judgment was therefore properly denied.

Our examination of the entire record discloses that defendant has had a fair trial, free from prejudicial error.

No error.