STATE OF NORTH CAROLINA v. ROY LEE BARNES

No. 69

(Filed 12 June 1979)

1. **Criminal Law § 113.7— instruction on acting in concert—sufficiency of evidence**

     The evidence was sufficient to support an instruction that defendant was acting in concert with others in the acts constituting rape, robbery and assault where there was no evidence that defendant personally committed such crimes but the evidence was plenary that they were committed and that the perpetrators were defendant's companions, and there was substantial evidence from which the jury could find that defendant was a willing and active participant in the pattern of sexual abuse, assault, robbery and terrorization inflicted upon the victim after he and his companions entered her home.

2. **Criminal Law §§ 114.3, 168.1— failure to include not guilty as possible verdict in one portion of charge—no prejudice to defendant**

     Defendant was not prejudiced when the court instructed that the jury could return one of three possible verdicts of "guilty of an assault inflicting serious injury or guilty of an assault on a female" but inadvertently failed to say that the third possible verdict was not guilty where the court shortly thereafter told the jury that unless it found defendant guilty of assault inflicting serious injury or assault on a female beyond a reasonable doubt, its duty was to find defendant not guilty.

3. **Criminal Law §§ 114.2, 118.2— statement of defendant's contentions—supporting evidence**

     It was not error for the trial court to state defendant's contentions in a manner logically consistent with defendant's own testimony even if defendant's testimony did strain credulity.

4. **Criminal Law § 114.3, 168.1; Rape § 6— instructions on first degree rape—subsequent withdrawal of first degree rape as permissible verdict**

     In a rape prosecution in which defendant was tried under the theory of acting in concert, defendant was not prejudiced when the court instructed on the elements of first degree rape and then, realizing that there had been no proof that any person who had intercourse with the prosecutrix was over 16 years of age, stated that the evidence did not prove first degree rape and the jury could not return such a verdict.

     Justices BRITT and BROCK did not participate in the consideration or decision of this case.

BEFORE *Judge Small* at the 8 August 1977 Criminal Session of PITT Superior Court and on bills of indictment proper in form, defendant was tried and convicted of second degree rape, armed

robbery, assault inflicting serious injury, felonious entry and crime against nature. The rape and robbery charges were consolidated for judgment and defendant was sentenced to life imprisonment therefor. Defendant was sentenced to imprisonment for two years on the assault charge. On the felonious entry and crime against nature charges, which were also consolidated for judgment, defendant was sentenced to imprisonment for ten years, to commence at the expiration of the other sentences. Defendant appeals the rape and robbery convictions pursuant to G.S. 7A-27(a). We allowed initial review of the assault, felonious entry and crime against nature convictions pursuant to G.S. 7A-31(a). This case was docketed and argued as No. 7 at the Spring Term 1978.

*Rufus L. Edmisten, Attorney General, by Elizabeth C. Bunting, Assistant Attorney General, for the state.*

*Garry T. Pegram, Attorney for defendant appellant.*

EXUM, Justice.

The charges upon which defendant was convicted arose from the same incident as the cases of *State v. Sylvester Joyner*, 295 N.C. 55, 243 S.E. 2d 367 (1978); *State v. Curmon*, 295 N.C. 453, 245 S.E. 2d 503 (1978); and *State v. Roderick Thomas Joyner*, 295 N.C. 349, 255 S.E. 2d 390 (1979). Although we have given careful attention to each of defendant's assignments of error, we do not discuss here those which raise questions already answered in the other cases. In assignments of error unique to this case, defendant argues the trial court committed prejudicial error by: (1) emphasizing the theory of "acting in concert" in its charge; (2) expressing an opinion as to defendant's guilt; (3) wrongly stating defendant's contentions; and (4) beginning an instruction on first degree rape and then correcting itself when it realized the evidence would not support it. We find no merit in any of these arguments.

The details of the crimes against Mrs. Carolyn Lincoln in which defendant allegedly participated have been set out fully in the other cases involving this incident. There is no need to repeat them here. We set forth only the evidence that relates specifically to defendant.

The state's evidence showed that two men initially forced their way into Mrs. Lincoln's house on 11 January 1977. Defendant and two others came in shortly afterward. All five sexually assaulted Mrs. Lincoln. At one point defendant got on top of her, rubbed his penis against her, kissed her, and fondled her breasts. While defendant was on top of her, another of the men forced her to perform fellatio on him. Later, while another of the men was having sexual intercourse with her, defendant placed his penis in her mouth. When Mrs. Lincoln was assaulted by having a soft drink bottle placed in her rectum, defendant "had moved back with the other ones that were holding my legs." Later, as she was dragged toward the door defendant followed within a few feet laughing.

Defendant was arrested in the early morning hours of 12 January 1977 in the company of some of other defendants in these cases. Lying on the floor near him was a green Army field jacket containing a pistol stolen from Mrs. Lincoln.

Other evidence offered against defendant included bloodstained clothing he was wearing at the time of his arrest and a confession he gave police officers. The confession was as follows:

"On January 11, 1977, I was with some more boys and we ran into a ditch on a dirt road. Two of the boys went to a house to get help. Me and the other two boys started to leave and we went to the house where the other two dudes were at. When we got there I saw a little baby sitting on the bed. We went into the kitchen. One of the boys was f------ her. Blood was in the floor at the time. He got finished and I got down to f--- her, and the blood made me sick and I could not get a hard up. I got up and started going through the house. I saw the baby sitting on the bed. I told the baby nobody was going to hurt her. The baby said was we fixing to leave and I told the baby I was. I went into the bed and got a red pocketbook and took one nickel and one penny. I then went out the front door, and all the rest came out behind me."

Defendant testified in his own behalf. He stated that on 11 January 1977 he was in the company of Alton Ray Curmon, Sylvester Joyner, Roderick Joyner and Roy Ebron. Their car ran off the road and they could not get it out of the ditch. Curmon and Sylvester Joyner went up to a house to get help. Defendant

and two others waited by the road. They became cold, and they went up to the house as well. When he entered he saw a woman lying naked in the kitchen. He got down on the floor "fixing to do something to her" but "didn't have no taste for it," so he got up and went into another room. He took six cents from a pocketbook he saw in there, and then he and the other defendants left. He neither had sexual relations with Mrs. Lincoln nor saw anyone else do so.

[1] Defendant argues that the trial court erred by improperly emphasizing "acting in concert" throughout his instructions to the jury. The trial judge, after giving an initial instruction on "acting in concert" referred to it a number of times in his instructions to the jury on the rape, robbery and assault charges. There was no evidence that defendant personally committed these crimes. There was, however, plenary evidence that they were committed and that the perpetrators were defendant's companions. *See State v. Roderick Thomas Joyner, supra,* 295 N.C. 349, 255 S.E. 2d 390; *State v. Curmon, supra,* 295 N.C. 453, 245 S.E. 2d 503; *State v. Sylvester Joyner, supra,* 295 N.C. 55, 245 S.E. 2d 367. There was also substantial evidence, recited above, from which the jury could find that defendant was a willing and active participant in the pattern of sexual abuse, assault, robbery and terrorization inflicted upon Mrs. Lincoln after he and his companions entered her house. This evidence was sufficient to support an instruction that defendant was acting in concert with the others in the acts constituting rape, robbery and assault. *See State v. Roderick Thomas Joyner, supra.* "The purposes of the trial judge's charge to the jury are to clarify the issues, eliminate extraneous matters and *declare and explain the law arising on the evidence." State v. Cousin,* 292 N.C. 461, 464, 233 S.E. 2d 554, 556 (1977) (Emphasis added.). This is precisely what the trial judge here was doing in his instructions on "acting in concert." Defendant's argument is without merit.

[2] Defendant next contends the trial judge improperly expressed an opinion as to defendant's guilt in his instructions to the jury on the assault charge by stating:

> "To this charge you may return one of two possible—one of three possible verdicts: guilty of an assault inflicting serious injury, or guilty of an assault on a female."

The trial judge obviously meant to, but did not, say that the third possible verdict was not guilty. Defendant argues that this lapse constituted prejudicial error. We do not agree. Shortly after giving the instruction quoted above, the trial judge told the jury that unless it found defendant guilty of assault inflicting serious injury or assault on a female beyond a reasonable doubt, its duty was to find defendant not guilty. In the face of this clear explanation of the law, his earlier omission could not have been prejudicial to defendant. *See State v. Sanders*, 280 N.C. 81, 185 S.E. 2d 158 (1971) (minor misstatement which could not have misled the jury held nonprejudicial). This assignment of error is overruled.

**[3]** Defendant also assigns as error certain statements by the trial judge regarding the evidence and defendant's contentions. Defendant cites in support of his argument the proposition that when "the judge must strain credulity to state any contrary contention for defendant, his obvious solution is to state no contentions at all." *State v. Douglas*, 268 N.C. 267, 271, 150 S.E. 2d 412, 416 (1966). We have examined each of the statements about which defendant complains. In each the trial judge's language tracks almost precisely evidence in the record, including defendant's own testimony. If credulity was strained here, it was by the testimony of defendant, not by the trial judge's statement of his contentions. It is not error for the trial judge to state the defendant's contentions in a manner logically consistent with the defendant's own testimony. *State v. Bush*, 289 N.C. 159, 221 S.E. 2d 333, *death penalty vacated*, 429 U.S. 809 (1976). This assignment of error is overruled.

**[4]** Defendant's next assignment of error concerns the trial judge's instructions on rape. Defendant was charged with first degree rape. The trial judge began his instructions on rape with an explanation of the elements of this offense. He then realized that there had been no proof that any of defendant's companions were over 16 years of age, a necessary element of first degree rape. *See* G.S. 14-21(1). At that point, he stated:

"And the Court, realizing at this time that there is no evidence showing that the person having intercourse—if one did—with the witness, Carolyn Lincoln, was more than 16 years of age and that the defendant at that time was more than—I mean, that the defendant was acting in concert with

---

that person, the Court instructs you that you may not return a verdict of guilty of first degree rape, and the Court corrects its instructions on that part."

Defendant contends the instructions on first degree rape coupled with the trial judge's subsequent statements that the evidence did not prove it and the jury could not return such a verdict constituted prejudicial error. We do not agree. This Court has uniformly held that an inadvertent mistake by the trial judge, which he subsequently corrects in his instructions to the jury, is harmless error. *See, e.g., State v. Orr*, 260 N.C. 177, 132 S.E. 2d 334 (1963); *State v. Brooks*, 225 N.C. 662, 36 S.E. 2d 238 (1945); *State v. Rogers*, 216 N.C. 731, 6 S.E. 2d 499 (1940); *State v. Baldwin*, 178 N.C. 693, 100 S.E. 345 (1919). This rule applies here, and this assignment of error is therefore overruled. In the trial there was

No error.

Justices BRITT and BROCK did not participate in the consideration or decision of this case.