**STATE v. LITTLEJOHN**

[340 N.C. 750 (1995)]

Accordingly, we find that defendant received a fair trial free from prejudicial error.

NO ERROR.

---

STATE OF NORTH CAROLINA v. SEAN LOUIS LITTLEJOHN & RICHARD GERARD DAYSON

No. 125A93

(Filed 28 July 1995)

## 1. Evidence and Witnesses § 1214 (NCI4th)— codefendant's confession—defendant implicated—confession corroborated by other evidence

Even if defendant Littlejohn's confession implicated defendant Dayson in the crime charged, Dayson was not prejudiced since the confession was largely corroborated by other evidence, including eyewitness testimony and Dayson's own testimony that he went armed to the crime scene and participated in an armed robbery in which the victim was killed.

**Am Jur 2d, Evidence § 751.**

**Supreme Court's application of rule of *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S.Ct. 1620, holding the accused's rights under confrontation clause of Federal Constitution's Sixth Amendment are violated where codefendant's statement inculpating accused is admitted at joint trial. 95 L. Ed. 2d 892.**

## 2. Assault and Battery § 13 (NCI4th)— assault with deadly weapon with intent to kill inflicting serious injury—acting in concert—sufficiency of evidence

The trial court did not err in denying defendant's motion to dismiss the charge of assault with a deadly weapon with intent to kill inflicting serious injury, since evidence that an accused went with an accomplice to a person's abode, helped the accomplice bind the occupants of the house, and then stood by while the person was stabbed is evidence from which a jury could conclude

**STATE v. LITTLEJOHN**

[340 N.C. 750 (1995)]

that the two people were acting in concert and that they both intended that the person be killed.

**Am Jur 2d, Assault and Battery § 11.**

## 3. Evidence and Witnesses § 1224 (NCI4th)— confession prior to being taken before magistrate—constitutional rights not violated

There was no merit to defendant's contention that his confession should have been suppressed since he was interrogated for ten hours and confessed prior to being taken before a magistrate in violation of N.C.G.S. § 15A-501(2), since the officers fully advised defendant of his constitutional rights before the interrogation began; if defendant had been taken before a magistrate, he would have been advised of those same rights; and the Court cannot hold that defendant would have exercised his right to remain silent if he had been warned of this right by a magistrate rather than the officer.

**Am Jur 2d, Evidence §§ 749, 750.**

**Admissibility of confession or other statement made by defendant as affected by delay in arraignment—modern state cases. 28 ALR4th 1121.**

## 4. Evidence and Witnesses § 1215 (NCI4th)— redacted confession—defendant not prejudiced by excluded evidence

There was no merit to defendant's contention that his rights were violated by the introduction of a redacted confession and that, based on N.C.G.S. § 8C-1, Rule 106, when a part of his confession was introduced, he had a right to have the other part introduced, since defendant was in no way prejudiced by the redaction.

**Am Jur 2d, Evidence § 759.**

## 5. Criminal Law § 438 (NCI4th)— prosecutor's argument— credibility of defendant—redaction in confession—no gross impropriety

Though the prosecutor's argument about the credibility of defendant's testimony based on a redaction in defendant's confession which changed the number of people who first entered

STATE v. LITTLEJOHN

[340 N.C. 750 (1995)]

the victims' residence from three to two was unfair, the argument was not so grossly improper that the trial court should have intervened on its own motion.

**Am Jur 2d, Trial §§ 611, 699.**

**6. Evidence and Witnesses § 944 (NCI4th)— excited utterances—admissibility of hearsay evidence**

Statements made by a homicide victim and a rescue squad member were admissible under the excited utterances exception to the hearsay rule. N.C.G.S. § 8C-1, Rule 803(2)

**Am Jur 2d, Evidence § 865.**

**7. Criminal Law § 427 (NCI4th)— comment on defendant's failure to testify—defendant not prejudiced**

The prosecutor's argument that defendant's "statement came in but he didn't testify" and that the law says that the jury can't hold that against him was not so egregious as to require the trial court to intervene on its own motion. Also, any error in the prosecutor's argument that defendant wasn't under oath or subject to cross-examination was cured by the trial court's instruction that the jury should not consider defendant's failure to testify in any way and its admonishment of the prosecutor not to mention it further.

**Am Jur 2d, Trial §§ 577-579, 586.**

**Violation of federal constitutional rule (*Griffin v. California*) prohibiting adverse comment by prosecutor or court upon accused's failure to testify, as constituting reversible or harmless error. 24 ALR3d 1093.**

**Failure to object to improper questions or comments as to defendant's pretrial silence or failure to testify as constituting waiver of right to complain of error—modern cases. 32 ALR4th 774.**

**8. Criminal Law § 465 (NCI4th)— reasonable doubt—prosecutor's argument allegedly incorrect—defendant not prejudiced**

Even if the prosecutor misstated the definition of reasonable doubt in his jury argument, defendant was not prejudiced where

he did not object to the argument at the time it was made, and the court correctly charged on reasonable doubt.

**Am Jur 2d, Trial §§ 643-645.**

**9. Criminal Law § 794 (NCI4th)— acting in concert—defendant's withdrawal from activity—instruction not required**

The trial court did not err in refusing to give defendant's requested instruction that the jurors should find defendant was not guilty if they found he withdrew from the concerted activity after the culprits were inside the victims' home, since all the evidence showed that defendant was active in the event until the end.

**Am Jur 2d, Trial § 1362.**

Justices LAKE and ORR did not participate in the consideration or decision of this case.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from judgments imposing sentences of life imprisonment entered by Lamm, J., at the 21 September 1992 Mixed Session of Superior Court, Mecklenburg County, upon jury verdicts of guilty of first-degree murder. Defendants' motions to bypass the Court of Appeals as to additional sentences imposed were allowed 21 December 1993. Heard in the Supreme Court 10 October 1994.

Each of the defendants was indicted for first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, two counts of robbery with a dangerous weapon, and one count of attempted robbery with a dangerous weapon. The cases were consolidated for trial over the objection of the defendants.

The State's evidence showed that on 16 September 1991, Jimmy White had sold some bad cocaine to defendant Sean Littlejohn, who was determined to have Jimmy White make it right. Littlejohn, defendant Richard Dayson (a/k/a "Cato"), Kareem Locke, a person named Terry, and a person named Miami drove to an apartment occupied by Jimmy White and his brother Rodney White. Darrian Perry was in the apartment with the Whites. Littlejohn, Dayson, and Miami went to the door of the apartment and Perry let them in at the direction of Jimmy White.

STATE v. LITTLEJOHN

[340 N.C. 750 (1995)]

Littlejohn took a "street sweeper" shotgun from a duffle bag and indicated he wanted to sell it. At that time, Dayson and Miami drew weapons. Dayson pointed a semiautomatic handgun at Jimmy and said, "[w]here's it at?" Miami pointed an "Uzi" type gun at Perry's head. Dayson ordered the three occupants of the apartment to lie on the floor. Miami took Perry's watch and his gold bracelet. Littlejohn took a .37- caliber handgun from Perry. Dayson took Jimmy's rings as well as some cash. Jimmy told the intruders they could have anything they wanted in the apartment and asked them not to kill them. In the meantime, Locke and Terry entered the apartment.

Perry then told Dayson that he knew Jimmy kept his money in his car and that he would get it for the intruders. Dayson told Littlejohn to accompany Perry to the car, which he did. Perry opened the trunk of the car, and when Littlejohn looked in the trunk, Perry escaped. In the meantime, Jimmy and Rodney were bound with duct tape and stabbed several times. Jimmy died as a result of the stabbing.

At the end of the State's evidence, the court dismissed the attempted robbery with a dangerous weapon charges against both defendants. The jury found Dayson guilty of first-degree murder on the bases of premeditation and deliberation and felony murder. It also found him guilty of assault with a deadly weapon with intent to kill inflicting serious injury and two counts of robbery with a dangerous weapon. The jury found Littlejohn guilty of the same charges except it did not find him guilty of first-degree murder on the basis of premeditation and deliberation.

After a capital sentencing hearing, the jury recommended that each defendant be sentenced to life in prison, which sentences were imposed. Littlejohn was also sentenced to six years for the assault conviction and fourteen years for one of the robbery convictions; the court arrested judgment in the other robbery conviction because it was the underlying felony in the first-degree murder conviction. Dayson was additionally sentenced to six years for the assault conviction and fourteen years for the robbery convictions. All sentences in both cases are to be served consecutively.

The defendants appealed.

## STATE v. LITTLEJOHN

[340 N.C. 750 (1995)]

*Michael F. Easley, Attorney General, by Michael S. Fox, Associate Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, by Daniel R. Pollitt, Assistant Appellate Defender, for defendant-appellant Sean Louis Littlejohn.*

*Jean B. Lawson for defendant-appellant Richard Gerard Dayson.*

WEBB, JUSTICE.

[1] Defendant Dayson assigns error to the consolidation for trial of his cases and the cases of defendant Littlejohn. He bases this assignment of error on another assignment of error in which he contends the introduction of Littlejohn's confession implicated him.

In *Bruton v. United States,* 391 U.S. 123, 20 L. Ed. 2d 476 (1968), the United States Supreme Court overruled previous cases and held it violates a defendant's Sixth Amendment right to confront witnesses against him if a codefendant's confession implicating defendant is admitted into evidence, and the codefendant does not testify. In *State v. Fox,* 274 N.C. 277, 163 S.E.2d 492 (1968), we held that before a confession of a nontestifying defendant is admitted into evidence, all portions of the confession which implicate a codefendant must be deleted. *See also* N.C.G.S. § 15A-927(c) (1988).

In *State v. Hayes,* 314 N.C. 460, 334 S.E.2d 741 (1985) and *State v. Gonzalez,* 311 N.C. 80, 316 S.E.2d 229 (1984), we held that the introduction of a nontestifying defendant's confession that does not mention a codefendant could implicate the codefendant and violate the *Bruton* rule if it is clear that the confession is referring to the codefendant.

In order to make Littlejohn's confession admissible, the State redacted any reference in it to Dayson. Dayson apparently concedes that all references to him were deleted from the redacted confession, but argues strenuously that he was prejudiced by its introduction. He says this is so because it could be inferred from parts of the redacted confession that Littlejohn was referring to Dayson. He says that in numerous places Littlejohn says "we" took certain action. The use of the word "we," says Dayson, shows that more than one person was involved and implies that the other person was Dayson.

Dayson also contends that he was prejudiced at one point in the redacted confession when Littlejohn said Kareem Locke said not to "stick" Jimmy White because he already had a murder charge on him. Dayson says the jury could have inferred from this that he had a murder charge pending against him.

Dayson further contends that he was unconstitutionally prejudiced by a statement in the redacted confession in which Littlejohn said that as he was in the automobile and leaving the scene, "Kareem asked Miami what took so long. Someone said I stabbed them. I asked him why did he do that." Dayson says that this redacted statement was that someone had stabbed the Whites and that it was not Littlejohn. The jury could infer from this that it was Dayson.

At one place in the redacted confession, Littlejohn said that after the criminal events, the culprits went to a motel room. He said Terry and Locke left the room to get Littlejohn's girlfriend. Littlejohn then said the three remaining divided the money they had obtained from the robbery, then left the motel room. Dayson says that because the evidence showed there were five persons who participated in the crimes and two of them had left the room, if there were three left, this had to include Dayson. We agree with Dayson that this reference to three persons should not have been submitted to the jury.

Assuming the introduction of Littlejohn's confession was error as to Dayson, we are satisfied this error was harmless beyond a reasonable doubt. *Delaware v. Van Arsdall*, 475 U.S. 673, 89 L. Ed. 2d 674 (1986). The evidence against Dayson was strong. Two eyewitnesses, Darrian Perry and Rodney White, testified they knew Dayson and saw him when he entered the Whites' apartment. Dayson testified that he went armed with a pistol with four other people to the Whites' home and participated in an armed robbery. There is no dispute that Jimmy White was killed. Dayson testified that no one had been hurt when he left the apartment, which would mean one of his accomplices killed Jimmy White. Under this state of facts, Dayson is guilty of felony murder by his own statement. *State v. Squire*, 292 N.C. 494, 234 S.E.2d 563, *cert. denied*, 434 U.S. 998, 54 L. Ed. 2d 493 (1977). The parts of Littlejohn's confession about which Dayson complains were of little importance to the case against Dayson. The confession was largely corroborated by other evidence. Dayson was not prejudiced by its admission.

This assignment of error is overruled.

STATE v. LITTLEJOHN

[340 N.C. 750 (1995)]

**[2]** Defendant Littlejohn first assigns error to the denial of his motion to dismiss the charge against him of assault with a deadly weapon with intent to kill inflicting serious injury. He says there is no evidence of an intent to kill on his part and no evidence that he was acting in concert with Dayson in stabbing Rodney White.

The evidence in this case does not show that Littlejohn inflicted the wounds on Rodney White. The evidence does show that Littlejohn was a part of the plan to rob the Whites. He expressed a fear of the Whites because they knew where he lived. On the way to the Whites' apartment, the culprits bought duct tape with which to bind the Whites. Littlejohn entered the apartment with Dayson and held his gun on the Whites as they were bound. Evidence that an accused went with an accomplice to a person's abode, helped the accomplice bind the occupants of the house, and then stood by while the person was stabbed is evidence from which a jury could conclude that the two people were acting in concert and that they both intended that the person be killed. *State v. Blankenship*, 337 N.C. 543, 447 S.E.2d 727 (1994); *State v. Reese*, 319 N.C. 110, 353 S.E.2d 352 (1987).

This assignment of error is overruled.

**[3]** Defendant Littlejohn next assigns error to the denial of his motion to suppress his statement to officers of the Charlotte Police Department, which he says was taken in violation of N.C.G.S. § 15A-501(2). The defendant made a motion to suppress this statement, and a *voir dire* hearing was held outside the presence of the jury.

The superior court found facts which were supported by the evidence that the defendant voluntarily surrendered to officers in Gaffney, South Carolina, and was returned to Charlotte by officers of the Charlotte Police Department. The court found that the officers fully advised the defendant of his constitutional rights and that he waived them. The officers then interrogated the defendant for approximately ten hours, at the end of which time the defendant confessed. The court concluded that the defendant made the statement freely, knowingly, intelligently, and voluntarily. The court also found that the statement was not obtained as a result of any violation of N.C.G.S. § 15A-501(2). The court ordered that the confession be admitted into evidence.

N.C.G.S. § 15A-501(2) provides that upon the arrest of a person he must be taken before a judicial official without unnecessary delay.

N.C.G.S. § 15A-974 provides that evidence must be suppressed if it has been obtained by a substantial violation of the provisions of chapter 15A of the General Statutes. Defendant Littlejohn says the evidence shows there was a thirteen-hour delay between the time he was taken into custody and the time he was taken before a magistrate. He says this was an unnecessary delay. During this delay, the officers interrogated the defendant for ten hours before he confessed. The defendant says that if there had not been this unnecessary delay, he would not have confessed. He argues that if he had been taken before the magistrate and advised of his rights, he would not have made the statement.

We have held that a confession by a defendant as a result of an interrogation before he was taken before a magistrate was not obtained as a result of a substantial violation of chapter 15A. *State v. Allen*, 323 N.C. 208, 372 S.E.2d 855 (1988), *sentence vacated*, 494 U.S. 1021, 108 L. Ed. 2d 601 (1990), *on remand*, 331 N.C. 746, 417 S.E.2d 227 (1992), *cert. denied*, —— U.S. ——, 122 L. Ed. 2d 775, *reh'g denied*, —— U.S. ——, 123 L. Ed. 2d 503 (1993); *State v. Martin*, 315 N.C. 667, 340 S.E.2d 326 (1986); *State v. Reynolds*, 298 N.C. 380, 259 S.E.2d 843 (1979), *cert. denied*, 446 U.S. 941, 64 L. Ed. 2d 795 (1980). The defendant says the difference between those cases and this case is that he was questioned for a much longer period than were the defendants in those cases. We cannot hold that the defendant's statement was obtained by a violation of chapter 15A. The officers fully advised him of his constitutional rights before the interrogation began. If he had been taken before a magistrate, he would have been advised of those same rights. We cannot hold that the defendant would have exercised his right to remain silent if he had been warned of this right by a magistrate rather than the officer.

This assignment of error is overruled.

[4] Defendant Littlejohn also assigns error to the joinder of the cases for trial based on his contention that his rights were violated by the introduction of the redacted confession. He relies on N.C.G.S. § 8C-1, Rule 106 to argue that when a part of his confession was introduced, he had a right to have the other part introduced.

Littlejohn argues that the redacted confession should not have been introduced because (1) it distorted the evidence that he was not acting in concert, which was his principal defense; (2) it destroyed his credibility and the exculpatory evidence in the confession; (3) it

enlarged the overall inculpatory effect as to him; and (4) it made the statement misleading and incoherent.

The first redaction of the confession about which the defendant complains deleted all references to Dayson and Dayson's apartment, which was across the hall from Littlejohn's apartment. In this portion of the confession, Littlejohn described the discussion between the parties as to whether to go to the Whites' apartment. Littlejohn contends the redacted statement makes it appear that the discussion occurred in his apartment rather than in Dayson's apartment, where it actually occurred. We do not see how Littlejohn was prejudiced by the jury's believing that the discussion occurred in his apartment rather than in Dayson's apartment.

Before the confession was redacted, it contained a part which described how the five men discussed the plan to rob the Whites. Dayson said, "well let's go rob him" and Littlejohn said "no." Later in the conversation, Dayson said, "we could get enough dope and money from him to move so [White] can't find us." Littlejohn then said they all agreed to rob the Whites. All references to Dayson were deleted. Littlejohn says the deletions eliminated evidence that he was not acting in concert and made the statement more inculpatory to him. Although Dayson may have persuaded Littlejohn to commit the crimes, Littlejohn was acting in concert with him if he agreed to participate. He said this was so in his confession before and after it was redacted. He was not prejudiced by this deletion as to who was the leader.

The third redaction dealt with a part of the confession which described the manner in which the Whites' apartment was entered. In the original statement, Littlejohn said that he, Dayson, and Miami entered the apartment at which time Perry said, "what's up Cato." Littlejohn then said, "ain't no happening," which meant he would not go through with it. He then described how Dayson drew a gun, forced the Whites to lie down, bound them with duct tape, and robbed them. All references to Dayson were deleted. Littlejohn says this redaction changed the meaning of the statement. However the meaning of the statement was changed, we do not believe it prejudiced Littlejohn. He has not shown us how this redaction made him appear more culpable and we cannot see how it did so.

The fourth redaction about which Littlejohn complains deals with a part of the confession in which Littlejohn said he had an argument with Dayson as they were leaving to go to the Whites' apartment. In

the confession before it was redacted, Littlejohn said he urged Dayson not to "stick" Jimmy White. This part of the confession was redacted. Littlejohn says this eliminated a part of his statement which showed he was not acting in concert in the murder. We do not believe this redaction was harmful to Littlejohn. He was convicted of felony murder. If he went with his accomplices to commit an armed robbery, and all the evidence shows that he did so, he would be guilty of felony murder although he opposed the killing. *State v. Squire*, 292 N.C. 494, 234 S.E.2d 563. His opposition to the killing was irrelevant to the felony murder charge.

The last redaction about which Littlejohn complains deals with a part of the confession in which he described how the killing was concluded. In the original statement, he said that he, Locke, and Terry were in the automobile waiting for Dayson and Miami to join them; that he went into the apartment three times in an effort to get them to leave; and that he saw Dayson standing over the victims on one occasion. He also said that after Dayson and Miami entered the automobile he asked Dayson what took so long and Dayson said, "I stabbed them." He said they then went to a motel and divided the money and jewelry. The redacted statement contained no reference to Dayson. It substituted "I said" for "I told Cato"; the word "we" for "Cato, Miami and myself"; and "someone" for "Cato." Littlejohn argues that this redaction deleted evidence that he was not acting in concert. The deleted evidence that Dayson did the stabbing and that Littlejohn left the apartment before the stabbing was concluded is very little proof that Littlejohn was not acting in concert. He did not have to be in the room when the stabbing occurred to be acting in concert. He was not prejudiced by this redaction.

This assignment of error is overruled.

[5] Defendant Littlejohn next assigns error to the denial of his motion for a mistrial based on what he contends was an improper jury argument by the prosecuting attorney. He argues that redacting the confession created some inconsistencies which could be drawn from it and that the prosecuting attorney argued these inconsistencies to attack his credibility.

In his argument on this point, Littlejohn cites one portion of the prosecuting attorney's argument in which he said that Littlejohn had said in his confession that there were two people outside the door of the Whites' apartment, while the evidence showed three people went inside when the door opened. At another point, the prosecutor argued

STATE v. LITTLEJOHN

[340 N.C. 750 (1995)]

that there was a conflict between the testimony of Dayson and the confession of Littlejohn. At another point, the prosecutor argued that Littlejohn had not told the truth when he told the officer that he thought they were only going to rob the Whites. Finally, the prosecuting attorney argued that if the jury looked at all the evidence, it would see that Littlejohn's confession was "full of holes."

The defendant did not object to this argument when it was made and unless there was a gross impropriety in the argument, we cannot hold the court should have intervened on its own motion. *State v. Covington*, 290 N.C. 313, 226 S.E.2d 629 (1976). Littlejohn is correct in saying that the prosecutor's argument urging the jury not to believe defendant's other testimony because all the evidence showed three people first entered the Whites' home, which was contrary to the redacted confession, was based on a redaction in the confession which changed the number of people from three to two. This was an unfair argument. The prosecutor argued at some length inconsistencies between Littlejohn's confession and what some of the other evidence showed. Littlejohn does not indicate any other specific instances in which the prosecutor referred to a redacted part of the confession. The prosecuting attorney argued vigorously that the defendant's confession, when compared to the other evidence, showed he was lying. Except for the reference to the two men who first entered the Whites' apartment, we can find no prejudicial reference to a redacted part of the confession. We cannot hold the prosecutor's argument was such a gross impropriety that the court should have intervened on its own motion.

This assignment of error is overruled.

[6] Defendant Littlejohn next assigns error to the admission, over his objection, of certain testimony which he contends was hearsay evidence. Darrian Perry testified that Jimmy White said to the men who had entered the apartment, "he didn't keep anything at his house"; "Sean, man, why are you doing this to me? I have never done anything to harm you"; and "they could have anything they wanted in the apartment; not to kill us." These statements were arguably not introduced to prove the truth of the matters asserted and are not hearsay. N.C.G.S. § 8C-1, Rule 801(c) (1992); *State v. Coffey*, 326 N.C. 268, 282, 389 S.E.2d 48, 56 (1990). Assuming the statements were hearsay, they were admissible as excited utterances. N.C.G.S. § 8C-1, Rule 803(2) provides that "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused

by the event or condition" is admissible as an exception to the hearsay rule. These statements were certainly made while the declarant was under stress caused by a startling event. They were admissible as an exception to the hearsay rule. *State v. Reid*, 335 N.C. 647, 440 S.E.2d 776 (1994).

Littlejohn also assigns error to the alleged hearsay testimony of Ronald Kennerly, a member of the rescue squad who rode with Jimmy White to the hospital. Mr. Kennerly testified that Jimmy made the following statements on the way to the hospital: (1) "[t]hey[] held us more than an hour"; (2) "[t]hey hurt me"; and (3) "I knew I was in trouble when I saw them put on those dishwashing gloves." The traumatic event which Jimmy White had experienced a short time previously should have certainly suspended reflective thought and made his statements spontaneous. They were excited utterance exceptions to the hearsay rule. *State v. Smith*, 315 N.C. 76, 86, 337 S.E.2d 833, 841 (1985).

This assignment of error is overruled.

**[7]** Littlejohn next argues that he is entitled to a new trial because the prosecuting attorney made several improper comments in his argument to the jury. The prosecuting attorney at one point said, "Mr. Littlejohn's statement came in but he didn't testify. You can't hold that against him. And I would ask that you not hold that against him. That's what the law says." No objection was made to this argument. Later in the prosecutor's argument the following occurred:

> [PROSECUTOR]: And, I would ask that you remember that Littlejohn's statement, he said it was the truth. Okay. But, you determine the truth. He wasn't under oath. He wasn't subject to cross examination. We couldn't ask him any questions.

> [DEFENSE COUNSEL]: OBJECTION, Your Honor, on his failure to testify.

> THE COURT: SUSTAINED. Members of the jury, I'll instruct you in more detail. But, you can not hold a defendant's failure to testify against him or consider it [in] any way.

> Do not mention that further, Mr. Butler.

> [PROSECUTOR]: Thank you, Your Honor.

The first statement to which Littlejohn assigns error is very similar to an argument which we held was erroneous in *State v. Reid*, 334

N.C. 551, 434 S.E.2d 193 (1993). There was no objection and unless the argument rose to the level of a gross impropriety, there was not a duty on the court to intervene. *State v. Miller*, 288 N.C. 582, 220 S.E.2d 326 (1975). The prosecuting attorney clearly did not mean to denigrate Littlejohn. He stated how the law applied to the failure of Littlejohn to testify and asked the jury to follow the law. This was not an argument so egregious as to require the court to intervene on its own motion.

As to the second comment about which Littlejohn complains, the court instructed the jury not to consider this defendant's failure to testify in any way and admonished the prosecuting attorney not to mention it further. In *Reid*, we dealt with a curative instruction in this situation. We said:

> [T]his Court has held the error may be cured by a withdrawal of the remark or by a statement from the court that it was improper, followed by an instruction to the jury not to consider the failure of the accused to offer himself as a witness.

> *[State v.] McCall*, 286 N.C. [472,] 487, 212 S.E.2d [132,] 141 [1975]. *Accord State v. Monk*, 286 N.C. [509,] 516, 212 S.E.2d [125,] 131 [1975]; *State v. Lindsay*, 278 N.C. 293, 295, 179 S.E.2d 364, 365 (1971); *State v. Clayton*, 272 N.C. 377, 385, 158 S.E.2d 557, 562-63 (1968).

334 N.C. at 556, 434 S.E.2d at 197. The court in this case instructed substantially in accordance with *Reid*. There was no prejudicial error.

**[8]** Defendant Littlejohn next argues under this assignment of error that the prosecutor in his argument to the jury misstated the definition of reasonable doubt. The prosecutor argued as follows:

> [T]he Supreme Court of North Carolina in *State Vs. Pierce* said, [Reading.]

> "Now, the state has the duty of satisfying you, beyond a reasonable doubt[,] of the guilt of the defendant. A reasonable doubt is an honest, substantial misgiving, generated by insufficient proof; insufficiency which fails to satisfy your reason of the guilt of the accused.

> A reasonable doubt is not . . . a possible doubt . . . ."

Littlejohn says this argument suggested a higher standard of doubt than is required for an acquittal and lowered the degree of proof for a conviction.

STATE v. LITTLEJOHN

[340 N.C. 750 (1995)]

Assuming the prosecuting attorney's argument misstated the definition of reasonable doubt, the defendant is not entitled to relief. There was not an objection to this argument at the time it was made and the court correctly charged on reasonable doubt. We held in *State v. Jones*, 336 N.C. 490, 445 S.E.2d 23 (1994), that under these circumstances, there is not prejudicial error.

Defendant Littlejohn argues finally under this assignment of error that the prosecuting attorney misstated the law when he argued that Littlejohn should be found guilty of assault with a deadly weapon with intent to kill inflicting serious injury. The prosecuting attorney argued:

> [R]emember His Honor's instructions as to acting in concert. Because acting in concert, that theory . . . would apply to each and every element of . . . the felony of assault with a deadly weapon, with intent to kill, inflicting serious injury . . .[;] as to [those] elements, as His Honor reads them to you, recall that acting in concert . . . applies to each and every one of those acts or elements.

The defendant Littlejohn contends that this instruction allowed the intent to kill element of the assault to be imputed to him, without proof that he intended to kill. *State v. Reese*, 319 N.C. 110, 141-42, 353 S.E.2d 352, 370.

We do not read this argument to the jury as does the defendant. Nowhere in this argument does the prosecuting attorney say that the intent to kill of the one who did the stabbing may be imputed to Littlejohn. He argued that the jury should listen to the judge's instruction, which told the jurors that if two or more persons act together to commit a crime, they are acting in concert. This being so, argued the prosecutor, the action of any of them is imputed to the others. This is a correct statement of the law of acting in concert. *State v. Gilmore*, 330 N.C. 167, 409 S.E.2d 888 (1991).

This assignment of error is overruled.

[9] Littlejohn argues finally that it was error for the court not to give his requested instruction that the jurors should find he was not guilty if they found he withdrew from the concerted activity after the culprits were inside the Whites' apartment. Littlejohn says that there was evidence that he withdrew from the common plan when he said "ain't no happening," which he says was a prearranged signal by which he meant "to call the whole thing off."

**STATE v. LITTLEJOHN**

[340 N.C. 750 (1995)]

The evidence did not support a charge as to Littlejohn's withdrawal from the concerted action. Although Littlejohn says Dayson persuaded him to participate in the crimes, he would be a part of the concerted action if he agreed to participate. He contends that his saying "ain't no happening" was a signal that he would not participate further. All the evidence, however, shows he continued to participate. He continued pointing his shotgun at the victims. He took Darrian Perry outside to find items supposedly hidden in Jimmy White's car. He let two of the participants into the house. All the evidence shows Littlejohn was active in the event until the end.

This assignment of error is overruled.

NO ERROR.

Justices LAKE and ORR did not participate in the consideration or decision of this case.